**Floyd VAN HOOSE et al., Plaintiffs-Appellants,**

v.

**William P. EIDSON et al., Defendants-Appellees.**

**No. 71-1542.**

United States Court of Appeals, Sixth Circuit.

Aug. 24, 1971.

Laurence E. Norton, Thomas M. Place, Mountain People's Rights, Prestonsburg, Ky., for appellants on memorandum in opposition to motion to dismiss.

John M. Williams, Robert P. Woods, Ashland, Ky., for appellees on motion to dismiss.

## ORDER

Before BROOKS, MILLER and KENT, Circuit Judges.

This is an appeal from a District Court order which denied relief to the appellant, a high school student who had been suspended for violation of the "Student and Employee Hair Code" of Boyd County High School (Kentucky), because his hair was too long.

In March, 1971, the Boyd County Board of Education adopted what is referred to as a "Hair Code." In the same month the four plaintiffs below were suspended from school for violation of the "hair code." This lawsuit resulted, in which the plaintiffs prayed that the "hair code" be declared unconstitutional, and further prayed that an injunction be granted requiring reinstatement of the plaintiffs and other relief. The District Court denied relief and a notice of appeal was filed entitled: "Floyd Van Hoose, et al, Plaintiffs-Appellants v. William P. Eidson, et al, Defendants-Appellees." Within the required time a motion to dismiss the appeal was filed setting forth that the case as to Floyd Van Hoose is moot and that

no appeal has been properly taken for any other party. The motion further claims that the appellants did not properly designate the judgment or order from which this appeal was taken, but took the appeal from the order "entered on April 28, 1971," when in fact the order was entered on April 29, 1971.

■ We are satisfied that the only appellant in this case is Floyd Van Hoose. Rule 3(c), Rules of Appellate Procedure, requires in part: "The notice of appeal shall specify the party or parties taking the appeal." The only party specified in the notice of appeal filed in this case was Floyd Van Hoose. The term "et al" does not inform any other party or any court as to which of the plaintiffs desire to appeal in this case. This is more than a clerical error. Cook and Sons Equipment, Inc. v. Killen, 277 F.2d 607 (9th Cir., 1960); Penwell v. Newland, 180 F.2d 551 (9th Cir., 1950); 9 Moore's Federal Practice (2nd Ed. 1970) Section 203.17.

■ Floyd Van Hoose graduated from the Boyd County High School three days before the notice of appeal was filed in the District Court. We find no merit in the appellant's claim that he has a continuing interest in the case. Therefore, the case should be dismissed as moot. Mills v. Green, 159 U. S. 651, 16 S.Ct. 132, 40 L.Ed. 293 (1895).

The appeal should also be dismissed pursuant to Rule 9, Rules of the Sixth Circuit as completely lacking in merit. This Court has previously held that the length of a student's hair does not raise a substantial Federal question. Gfell v. Rickelman, 6 Cir., 441 F.2d 444. As stated in that case at page 447:

"Turning briefly to the other alleged constitutional defects raised by the appellant we are of the view that no serious question under the first amendment has been raised in this case."

For the reasons herein stated and pursuant to Rules 8 and 9, Rules of the Sixth Circuit, the appeal is dismissed.