818 F.2d 866
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John BOYD, Plaintiff-Appellant,
v.
UNITED PARCEL SERVICE; Dennis Burley; Teamster Local Union
No. 413; Bill Camboni, Defendants-Appellees.
 No. 86-3541.
 United States Court of Appeals, Sixth Circuit.
 May 18, 1987.
 
 Before KEITH and NORRIS, Circuit Judges; and PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 The plaintiff moves for a transcript at government expense and the Teamster's Local moves to dismiss the appeal from the district court's judgment after a jury verdict for the defendants in this employment discrimination case. This appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. After an examination of the record and the plaintiff's informal brief, this panel agrees unanimously that oral argument is not needed. Fed. R. App. P. 34(a).
 
 
 2
 The local's motion to dismiss argues that it should be dismissed from the appeal because the plaintiff did not specify the name of the local in his notice of appeal. The local makes this argument based on an analogy to Fed. R. App. P. 3(c). Van Hoose v. Eidson, 450 F.2d 746, 747 (6th Cir. 1971); Life Time Doors, Inc. v. Walled Lake Door Co., 505 F.2d 1165, 1167 (6th Cir. 1974). However, the rule refers only to the party or parties taking the appeal. The local has not cited and our research has not revealed any cases applying this rule to the appellees. Therefore, the motion to dismiss the appeal is denied.
 
 
 3
 The plaintiff moves for a transcript at government expense under 28 U.S.C. Sec. 753(f) (1982). A transcript at government expense is not required where the record (including depositions, affidavits, etc.) is adequate for making a decision in the case. Harvey v. Andrist, 754 F.2d 569, 571 (5th Cir.), cert. denied, 471 U.S. 1126 (1985). The record in the present case does contain affidavits, documents, and depositions which are adequate for making a decision. So the motion for a transcript at government expense is denied.
 
 
 4
 The plaintiff's complaint raised racial discrimination claims against the company and the local under 42 U.S.C. Sec. 1981 (1982). The plaintiff's amended complaint raised a Sec.301 claim against the local. 29 U.S.C. Sec.l85 (1982). The district court held that the Sec. 301 claim was barred by the six month statute of limitations. DelCostello v. International Bhd. of Teamsters, 462 U.S. 151, 169 (1983); Smith v. General Motors Corp., 747 F.2d 372, 375 (6th Cir. 1984)(en banc); Adkins v. International Union of Elec., Radio, and Mach. Workers, 769 F.2d 330, 335 (6th Cir. 1985). We agree with this conclusion of the district court.
 
 
 5
 Concerning the Sec.l981 claim, the district court held that the appropriate state statute of limitations did not bar the claim. After the district court's decision, the Supreme Court decided Wilson v. Garcia, 471 U.S. 261, 276 (1985). Based on Wilson, this court held that the appropriate statute of limitations for SS 1983 cases in Ohio is one year. Mulligan v. Hazard, 777 F.2d 340, 343-44 (6th Cir. 1985), cert. denied, 106 S.Ct. 2902 (1986). The same statute of limitations also applies in Sec. 1981 cases. Gomez v. Great Lakes Steel Div., 803 F.2d 250, 253 (6th Cir. 1986); Marlowe v. Fisher Body, 489 F.2d 1057, 1063 (6th Cir. 1973). Because the plaintiff's complaint was clearly filed more than one year after he was discharged by the company, the district court's judgment on the Sec.l981 issue can be affirmed on this ground.
 
 
 6
 The court's judgment on the Sec. 1981 issue can also be affirmed on alternate grounds. In his informal brief, the plaintiff raises a weight of the evidence issue. Federal appellate courts do not review the actions of juries; such courts only review the district court judge's decision on a motion for judgment notwithstanding the verdict. Young v. Langley, 793 F.2d 792, 794-95 (6th Cir.), cert. denied, 107 S.Ct. 436 (1986); Dixon v. Montgomery Ward, 783 F.2d 55 (6th Cir. 1986). Because the plaintiff failed to file a motion for judgment notwithstanding the verdict, he cannot raise a weight of the evidence issue on appeal.
 
 
 7
 Finally, assuming that the plaintiff can raise a weight of the evidence issue, the standard is whether the evidence is such that there can be but one reasonable conclusion as to the proper verdict. Merkel v. Scovill, Inc., 787 F.2d 174, 177 (6th Cir.), cert. denied, 107 S.Ct. 585 (1986). The motion for judgment notwithstanding the verdict should not be granted if there is a conflict in the evidence. Id. In the present case, the plaintiff's supervisor stated that he told the plaintiff to inform him of the results of a doctor's examination on the day of the examination. The plaintiff denied receiving these specific instructions. When the plaintiff did not report on the day of the examination or for three days after that, he was discharged. On these facts, there was a clear conflict in the evidence that prevents the granting of a motion for judgment notwithstanding the verdict. So there are no grounds on which to set aside the jury's decision.
 
 
 8
 The motions for a transcript at government expense and to dismiss the appeal are denied. The judgment of the district court is affirmed under Rule 9(b)(5), Rules of the Sixth Circuit, because the issues are not substantial and do not require oral argument.