Farrell J. HEUSSNER;
Plaintiff–Appellant,

Merton J. Wiedbrank; Beverly Diamond; Wayne Thomas Diamond; Thomas Reynolds; Gerald Kline; Frederick Baker; Harry Ferris; Plaintiffs,

v.

NATIONAL GYPSUM COMPANY, a Delaware Corporation; Lafarge Corporation, a Maryland Corp.; General Portland, Inc., a Delaware Corp., Local 135, United Steelworkers of America; Local 175 of the United Steelworkers of America; Local 176 of the United Steelworkers of America; Local 30 of the United Plant Guard Workers of America; International Union United Steelworkers of America; Cement Division, National Gypsum Company Pension Plan for Hourly Employees; National Gypsum, as Plan Administrator for the Cement Division; National Gypsum Company Pension Plan for Hourly Employees; Cement Division, National Gypsum Company, Insurance & Health Agreement, an employee welfare benefit plan; Supplemental Unemployment Benefit Plan; National Bank of Detroit, as Trustee of Supplemental Unemployment Benefit Plan, a National banking corp., Defendants–Appellees.

No. 88–1987.

United States Court of Appeals,
Sixth Circuit.

Argued Aug. 15, 1989.

Decided Oct. 11, 1989.

Rehearing and Rehearing En Banc
Denied Dec. 19, 1989.

Stephen J. Pokoj, John H. Fildew, Fildew, Hinks, Gilbride, Miller & Todd, Detroit, Mich., Charles J. Taunt (argued), Charles J. Taunt & Associates, Birmingham, Mich., Herbert C. Huson, St. Clair Shores, Mich., for Ferrel J. Heussner.

J. Alan Lips (argued), Donald C. Dowling, Jr., Taft, Stettinius & Hollister, Cincinnati, Ohio, Peter F. Dahm, Lambert, Leser, Dahm, Giunta, Cook & Schmidt, Bay City, Mich., for National Gypsum Co., Cement Div., Nat. Gypsum Co. Pension Plan for Hourly Employees, Nat. Gypsum, as Plan Adm. for the Cement Div., National Gypsum Co. Pension Plan for Hourly Employees, Cement Div., Nat. Gypsum Co., Supplemental Unemployment Benefit Plan and National Bank of Detroit.

Thomas F. James, Saginaw, Mich., Rody P. Biggert, Thomas J. Piskorski, Seyfarth, Shaw, Fairweather & Geraldson, Chicago, Ill., for Lafarge Corp., a Maryland Corp. and General Portland, Inc., a Delaware Corp.

Richard J. Brean (argued), Pittsburgh, Pa., Stuart M. Israel, Miller, Cohen, Martens & Ice, Southfield, Mich., for Local 135, United Steelworkers of America, Local 175 of the United Steelworkers of America, Local 176 of the United Steelworkers of America, Local 30 of the United Plant Guard Workers of America and International Union United Steelworkers of America.

Before KEITH and MARTIN, Circuit Judges, and ENGEL, Senior Circuit Judge.[*]

BOYCE F. MARTIN, Jr., Circuit Judge.

The plaintiffs, former employees of the National Gypsum Company, appeal the dis-

[*] The Honorable Albert J. Engel became Senior Circuit Judge on October 1, 1989.

trict court's dismissal of their action on a collective bargaining agreement for lack of subject matter jurisdiction. Because the plaintiffs failed to specify in their notice of appeal the party or parties taking the appeal, we grant the defendants' motion to dismiss all of the parties to this appeal except the named plaintiff, Farrell J. Heussner. As to Heussner's claims, we affirm the district court's decision to dismiss for lack of subject matter jurisdiction.

## I.

The plaintiffs, over two hundred former employees of National Gypsum, were discharged when National Gypsum sold its Alpena, Michigan cement mill to Lafarge Corporation. Prior to the transfer of the Alpena mill, the employees of National Gypsum were subject to a collective bargaining agreement that was, by its terms, effective from 1984 through May 1, 1987. This 1984 Agreement, which contained a successorship clause binding any purchaser of the Alpena mill to the terms of the Agreement, guaranteed numerous benefits, including severance pay at a specified rate.

Before the 1984 Agreement expired, National Gypsum expressed its intention to either shut down or sell its entire Alpena operation. In early 1986, National Gypsum sold its ships and terminals to Lafarge. Lafarge also acquired a contractual option to purchase the Alpena mill from National Gypsum, although the existence of this option apparently would not have prevented National Gypsum from closing, rather than selling, the mill. When the sale of the mill to Lafarge was imminent, however, National Gypsum contended that the severance pay provision of the 1984 Agreement, although effective if National Gypsum had permanently closed the mill, was inoperative because National Gypsum sold its assets to Lafarge.

Fearing that their union members might lose all severance benefits under the 1984 Agreement, the United Steelworkers Union intervened on behalf of the membership through several of its local chapters. After initially pursuing enforcement of the severance pay clause of the 1984 Agreement, the Union negotiated another agreement that included provisions for severance pay at less favorable rates than in the 1984 Agreement. This new 1987 Agreement, which expressly superseded the 1984 Agreement, was signed by National Gypsum and the Union, and it became effective by its terms on December 31, 1986.

Following the sale of the Alpena mill to Lafarge, many of National Gypsum's former employees who were terminated by Lafarge became dissatisfied with the 1987 Agreement. On May 29, 1987, these former employees filed this lawsuit against National Gypsum, Lafarge, the Union and several other union and corporate defendants. The plaintiffs' ten-count complaint, which was amended in December 1987 and in March 1988, asserted a series of claims against the corporate defendants based on alleged violations of the superseded 1984 Agreement. The complaint also included an attack on the validity of the 1987 Agreement, pendent state law claims, and an allegation that the Union breached its duty of fair representation.[1]

The corporate defendants National Gypsum and Lafarge recognized that the plaintiffs' claims against them arose from the superseded 1984 Agreement or required a determination that the 1987 Agreement was invalid. Consequently, National Gypsum and Lafarge moved to dismiss nine counts of the complaint either for failure to state a claim or for lack of subject matter jurisdiction under Section 301(a) of the Labor Management Relations Act, 29 U.S.C. § 185(a). On February 19, 1988, Judge James Churchill dismissed nine counts of the plaintiffs' complaint. The counts requiring the invalidation of the 1987 Agreement or arising from the 1984 Agreement were dismissed without prejudice for lack of subject matter jurisdiction under Section 301 because such claims were found to be within the exclusive jurisdiction of the Na-

1. The plaintiffs also filed charges against the corporate and union defendants with the National Labor Relations Board in June and August of 1987. The Board investigated each of these various charges and subsequently declined to issue any complaints on them.

tional Labor Relations Board. Two counts alleging pendent state claims under Michigan law were dismissed with prejudice as preempted by federal law.

Judge Churchill disqualified himself on February 22, 1988, and the case was reassigned to Judge Stewart Newblatt. On February 29, 1988, plaintiffs filed a Motion to Reconsider Judge Churchill's decision. On August 22, 1988, Judge Newblatt denied plaintiffs' motion, finding that there were no defects sufficient to disturb Judge Churchill's conclusions. Judge Newblatt also found that the district court lacked subject matter jurisdiction to resolve the plaintiffs' remaining claim that the Union breached its duty of fair representation in violation of Section 301. Accordingly, the district court dismissed the plaintiffs' final claim without prejudice. The plaintiffs filed their notice of appeal to this court on September 19, 1988.

## II.

■ The plaintiffs' notice of appeal states that "notice is hereby given that Farrell J. Heussner, et al., Plaintiffs, in the captioned action, hereby appeal" the district court's adverse orders. Because Farrell J. Heussner is the only party named in the notice of appeal, the defendants moved in March 1989 for dismissal of all appeals except for the appeal of Heussner. After reviewing the relevant case law, we grant the defendants' motion to dismiss the appeal of all persons except Heussner.

The Supreme Court clearly held in *Torres v. Oakland Scavenger Company*, 487 U.S. 312, 108 S.Ct. 2405, 101 L.Ed.2d 285 (1988) that the federal appellate courts lack jurisdiction over any party who is not specified in the notice of appeal in accordance with Rule 3(c) of the Federal Rules of Appellate Procedure. Moreover, the Court in *Torres* specifically stated that the use of "et al." in the petitioner's notice of appeal was *not* sufficient to comply with the requirements of Rule 3(c) where the petitioner was not named or otherwise designated. 108 S.Ct. at 2409. Similarly, this court held, in a decision prior to *Torres*, that a notice of appeal entitled "Floyd Van Hoose,

et al., Plaintiffs–Appellants" satisfied the requirements of Rule 3(c) only as to the named plaintiff, Floyd Van Hoose. *Van Hoose v. Eidson*, 450 F.2d 746 (6th Cir. 1971). Because the term "et al." would not inform any other party or any court as to which of the plaintiffs wished to appeal, this court in *Van Hoose* decided that, of the four original plaintiffs in the case, only Floyd Van Hoose, the party specified in the notice of appeal, was an appellant before the court on appeal. 450 F.2d at 747.

Given the Supreme Court's holding in *Torres* and this circuit's decision in *Van Hoose*, we feel compelled to grant defendants' motion to dismiss the appeals of all plaintiffs except for the appeal of Heussner, the named plaintiff. The plaintiffs' notice of appeal named only Heussner, and the use of the phrase "et al." is, according to *Torres*, insufficient to comply with Rule 3(c) where the other plaintiffs were not named or specifically designated. Even assuming that this court could, as the plaintiffs argue, factually distinguish the instant case from *Torres*, we would still grant defendants' motion to dismiss on the authority of *Van Hoose*. The notice of appeal at issue in *Van Hoose*, which was held to be inadequate to satisfy the requirements of Rule 3(c) except as to the named plaintiff, is not distinguishable from the notice of appeal at issue in this case. Thus, based on *Van Hoose* and *Torres*, we grant the defendants' motion to dismiss the appeals of all plaintiffs except *Heussner* because, under Rule 3(c), this court lacks jurisdiction over the plaintiffs not specified in the notice of appeal.

## III.

We agree with the district court that there was no subject matter jurisdiction to resolve Heussner's claims against the defendants. Accordingly, we affirm the dismissal without prejudice of all counts of Heussner's complaint.

■ In the first count of his complaint, Heussner requested that the district court rescind the 1987 Agreement because National Gypsum procured the agreement

through fraud, duress, coercion, and intimidation and because National Gypsum breached its duty to bargain in good faith and to supply relevant information regarding the sale of assets to Lafarge. According to Heussner, the district court had jurisdiction to determine the validity of the 1987 Agreement pursuant to Section 301(a) of the Labor Management Relations Act, 29 U.S.C. § 185(a). We disagree with this contention.

Section 301(a) provides that suits for "violation of contracts between an employer and a labor organization" may be brought in federal district court. 29 U.S.C. § 185(a). Thus, under Section 301(a), district courts possess subject matter jurisdiction in cases involving an alleged violation of an existing collective bargaining contract. District courts do not, however, so clearly possess subject matter jurisdiction under Section 301(a) in cases concerning the validity of a contract.

Although this court has not previously ruled on the jurisdiction of district courts to determine contract validity under Section 301(a), previous decisions of this court have interpreted Section 301(a) narrowly so as to apply only to violations of existing collective bargaining contracts. In *Storey v. Local 327, International Brotherhood of Teamsters*, 759 F.2d 517, 518 (6th Cir. 1985), this court concluded that, while Section 301(a) established jurisdiction in the district courts over suits for *breach* of labor contracts, a district court had no jurisdiction under Section 301(a) in the absence of a collective bargaining agreement. Similarly, in *Serrano v. Jones & Laughlin Steel Co.*, 790 F.2d 1279, 1288 (6th Cir.

1986), this court stated that the federal courts have jurisdiction under Section 301(a) over suits to "enforce" collective bargaining agreements and that the plaintiffs' claim against an employer for negligent performance of a labor contract would be encompassed within a Section 301 claim for "violation of the terms of a collective bargaining agreement." Given this circuit's decisions in *Storey* and *Serrano*, which interpreted Section 301(a) in a strict manner, we are reluctant in this case to expand our interpretation of Section 301(a) to give district courts jurisdiction over questions of the *validity* of collective bargaining contracts.[2] Accordingly, we conclude that the district court did not err in dismissing Heussner's claim for rescission of the 1987 Agreement for lack of subject matter jurisdiction under Section 301(a).

■ We also affirm the district court's dismissal of counts two and three of Heussner's complaint, which stated claims of successor liability and breach of contract based on the terms of the 1984 Agreement. Any claim based on the terms of the apparently superseded 1984 Agreement clearly cannot be pursued unless and until the 1987 Agreement is invalidated. Because the district court lacked jurisdiction under Section 301(a) to invalidate the 1987 Agreement, we agree with the district court that it lacked jurisdiction over Heussner's claims based on the 1984 Agreement.

■ Similarly, we affirm the district court's dismissal of counts four, five and six of Heussner's complaint, which stated claims for pension, health, insurance and unemployment benefits under the 1984

---

**2.** We note that our narrow interpretation of Section 301(a), which precludes district courts from determining the validity of collective bargaining contracts, is adhered to by several circuits, although recent decisions by other circuits have indicated a trend toward allowing district courts to determine the existence or validity of contracts under Section 301(a). *Compare A.T. Massey Coal Co., Inc. v. International Union, United Mine Workers of America*, 799 F.2d 142 (4th Cir.1986) and *Hernandez v. National Packing Co.*, 455 F.2d 1252 (1st Cir.1972) with *I.B. E.W., Local 481 v. Sign–Craft, Inc.*, 864 F.2d 499 (7th Cir.1988); *Mack Trucks, Inc. v. International Union, UAW*, 856 F.2d 579 (3d Cir.1988); and

*Rozay's Transfer v. Local Freight Drivers, Local 208*, 850 F.2d 1321 (9th Cir.1988). However, even the Third Circuit, which held in *Mack Truck* that district courts have jurisdiction under Section 301(a) to determine the *existence* of a collective bargaining contract, has stated that a party may not invoke Section 301(a) jurisdiction by asserting that a collective bargaining contract itself constituted a violation of other preexisting rights of employees. *Mack Truck*, 856 F.2d at 589. Thus, we decline in this case to confer jurisdiction on the district court to determine whether the 1987 Agreement itself violated rights that Heussner previously possessed under the 1984 Agreement.

Agreement. Because these claims also rely on the terms of the 1984 Agreement, the district court, as discussed above, would have no Section 301(a) jurisdiction over them. Heussner asserts, however, that Section 502 of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132, provided an independent basis for district court jurisdiction over claims based on the superseded 1984 Agreement. We disagree with Heussner's contention. Section 502 of the Employee Retirement Income Security Act does authorize civil actions in district court to collect from employers unpaid benefit plan contributions due under Section 515 of the Act. However, Section 502 does not give subject matter jurisdiction to federal courts over actions to collect benefits due under an expired collective bargaining contract. *Laborers Health and Welfare Trust Fund v. Advanced Lightweight Concrete Co., Inc.,* 484 U.S. 539, 108 S.Ct. 830, 98 L.Ed.2d 936 (1988); *U.A. 198 Health & Welfare, Education & Pension Funds v. Rester Refrigeration Service, Inc.,* 790 F.2d 423 (5th Cir.1986). Because Section 502 authorizes suits for benefits to be brought in federal court only while a collective bargaining contract remains in force, the district court in this case did not have jurisdiction over Heussner's claims in counts four, five and six. These claims were brought pursuant to the terms of a contract (the 1984 Agreement) that had been allegedly superseded and, consequently, could not be "in force" unless the superseding 1987 Agreement were to be rescinded. Because the collective bargaining contract upon which Heussner based his claims for benefits is not currently in force, the district court did not err in its conclusion that it lacked subject matter jurisdiction over the claims made for benefits under Section 502 of the Employee Retirement Income Security Act.

■ In counts seven and eight of his complaint, Heussner asserted pendent Michigan state law claims against the corporate defendants for intentional interference with the 1984 Agreement and for conspiracy to breach the 1984 Agreement. The district court dismissed these state law claims with prejudice for failure to state a claim. We affirm the dismissal of the pendent state claims but conclude that the dismissal should be without prejudice, thereby allowing the claims to be resolved in a Michigan state court. Given the record in this case, we find it difficult to determine whether Heussner has stated a claim, under Michigan law, for conspiracy and for tortious interference with a contract. We therefore find it appropriate, because the district court correctly dismissed Heussner's federal claims, to dismiss the pendent state claims without prejudice. *United Mine Workers v. Gibbs,* 383 U.S. 715, 726–27, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966).

■ Finally, we affirm the district court's dismissal without prejudice of Heussner's remaining substantive claim,[3] made in count nine of his amended complaint, that the Union and its locals breached their duty of fair representation in negotiating the 1987 Agreement, which, by its terms, superseded the 1984 Agreement. Heussner asserted in his original complaint and in his amended complaints that Section 301(a) provided the district court with subject matter jurisdiction over the fair representation claim. Because Heussner repeatedly alleged in his complaints that Section 301(a) was the sole basis for district court jurisdiction, we affirm the dismissal of his fair representation claim.

Given this circuit's decision in *Storey,* 759 F.2d 517, the district court correctly concluded that it lacked jurisdiction under Section 301(a) to resolve Heussner's fair representation claim. In *Storey,* this court held that Section 301(a) would not provide district court jurisdiction over a claim by employees that a union had breached its duty of fair representation during negotiations with an employer. The plaintiffs in *Storey* saved their action, however, by ad-

---

**3.** In count ten of his complaint, Heussner did request injunctive relief. Because we find that all substantive claims in the complaint were properly dismissed by the district court, there is no basis for granting injunctive relief. We therefore affirm the dismissal without prejudice of Heussner's request for injunctive relief.

ditionally pleading in their complaint that the district court had jurisdiction over a fair representation claim against a union pursuant to 28 U.S.C. § 1337. This court agreed with the *Storey* plaintiffs that actions based on a union's breach of its duty of fair representation are *not* exclusively vested in the National Labor Relations Board[4] and that a union's breach of its duty of fair representation gives rise to a claim within the jurisdiction of the district court under Section 1337. Conversely, in this case, Heussner failed to plead Section 1337 as a basis for district court jurisdiction but relied solely on Section 301(a) as conferring subject matter jurisdiction on the district court. Because *Storey* held that Section 301(a) does not provide jurisdiction to district courts over a claim against a union for breach of its duty of fair representation, we affirm the district court's dismissal of Heussner's fair representation claim against the Union and its locals.

█ We also decline to allow Heussner, at this late date, to amend his pleadings pursuant to 28 U.S.C. § 1653 to raise Section 1337 as an alternative basis for district court jurisdiction over his fair representation claim. Heussner amended his original complaint on two occasions but failed to revise the complaint to allege jurisdiction under Section 1337, even though the second amendment was made following the issuance of the February 1988 decision of the district court, which discussed *Storey* in some detail. Heussner has moreover failed to make to this court the proper motion to amend his pleadings to show jurisdiction. Given Heussner's failure to amend his pleadings to show jurisdiction despite ample opportunity to do so, we decline to permit him now to amend his pleadings under 28 U.S.C. § 1653. Accordingly, we affirm the district court's dismissal without prejudice of Heussner's fair representation

claim against the Union for lack of subject matter jurisdiction.

Based upon our foregoing discussion, we grant the defendants' motion to dismiss the appeals of all plaintiffs except the named plaintiff, Farrell J. Heussner, and we affirm the orders of the district court dismissing without prejudice counts one through six and counts nine and ten of Heussner's amended complaint. We also affirm the district court's dismissal of counts seven and eight but direct that such dismissal should likewise be without prejudice.

It is so ordered.

---

**4.** The district court erred in its August 1988 opinion by stating that a claim that a union breached its duty of fair representation is preempted by the exclusive jurisdiction of the Board. This erroneous conclusion does not, however, require reversal of the district court's

dismissal of the fair representation claim because *Storey* held that Section 301 did not provide jurisdiction to district courts over fair representation claims and because Heussner, unlike the plaintiffs in *Storey*, failed to plead an additional basis for district court jurisdiction.