918 F.2d 178
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Mark Lawrence DYER, Clyde Henry Barker, Rickie Ray Huff,
Mallie Reynolds, Plaintiffs-Appellants,
v.
Jailer Richard VAUGHN, Judge Executive Paul Purvis, Cook
Linda Vaughn, Deputy Jailer Mike Damron, Captain John
Stephens, Deputy Jailer J.R. Glen, Deputy Jailer John
Abshire, Deputy Jailer T.R. Douglas, Judges Charles Sinnett,
Asbury, Simpson and Rice, Kentucky Corrections Cabinet,
Jailer Matron, Defendants-Appellees.
 90-5360.
 United States Court of Appeals, Sixth Circuit.
 Nov. 15, 1990.
 
 Before KEITH, KENNEDY and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 The plaintiffs' civil rights complaint alleged that their Kentucky and federal constitutional rights were denied and they were subjected to cruel and unusual punishment as a result of conditions of confinement in the Boyd County Jail which do not meet requirements of the Kentucky Administrative Regulations. Denial of access to legal material was also alleged. Plaintiffs' complaint made general allegations as to the manner in which all prisoners at the jail were treated and what was observed by those prisoners. Class certification was sought. Named as defendants were jail officials, various judges and the Kentucky Corrections Cabinet.
 
 
 3
 The magistrate entered a report recommending that the complaint be dismissed pursuant to 28 U.S.C. Sec. 1915(d) on the basis that jailhouse lawyers do not have standing to assert denial of access to the courts for other prisoners, the prisoners failed to specify which defendants are responsible for the alleged violations, and that in the few instances in which the plaintiffs stated which defendants were responsible for certain activities those activities did not constitute constitutional violations. Dyer filed an amended complaint and answer to the report and recommendation. The district court found that the amended complaint failed to correct the deficiencies noted by the magistrate, and it adopted the report and recommendation. Dyer filed a notice of appeal on behalf of the plaintiffs from the district court's order dismissing the action.
 
 
 4
 The notice of appeal states that the plaintiffs appeal, but the style of the case shows "Mark L. Dyer, et al." as the plaintiffs and the document is only signed by Dyer. The notice of appeal is not sufficient to comply with the requirements of Fed.R.App.P. 3(c) as to the plaintiffs not specifically named. Torres v. Oakland Scavenger Co., 487 U.S. 312, 317 (1988); Heussner v. National Gypsum Co., 887 F.2d 672, 675 (6th Cir.1989); Van Hoose v. Eidson, 450 F.2d 746, 747 (6th Cir.1971) (order). In addition, Dyer is not permitted to plead or conduct the case for others because he is not an attorney. See 28 U.S.C. Sec. 1654. Therefore, the only plaintiff before this court as an appellant is Dyer.
 
 
 5
 The district court correctly determined that the complaint is frivolous within the meaning of 28 U.S.C. Sec. 1915(d). A complaint is frivolous "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 109 S.Ct. 1827, 1831 (1989). Under 42 U.S.C. Sec. 1983, a plaintiff must allege: (1) that he was deprived of a right secured by the Federal Constitution or laws of the United States, and (2) that the deprivation was caused by a person while acting under color of state law. Flagg Bros., Inc. v. Brooks, 436 U.S. 149, 155-57 (1978); Jones v. Duncan, 840 F.2d 359, 361-62 (6th Cir.1988). Conclusory allegations are insufficient. Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir.1987); Gutierrez v. Lynch, 826 F.2d 1534, 1538-39 (6th Cir.1987); Chapman v. City of Detroit, 808 F.2d 459, 465 (6th Cir.1986). Plaintiff's allegations are just not sufficient under the Neitzke standard.
 
 
 6
 It is ORDERED that the order of the district court dismissing the case be, and it hereby is, affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.