929 F.2d 700
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Michael BROWN, Plaintiff-Appellant,
Della BROWN; Joyce Brown; Jewell Brown, Plaintiffs,
v.
CITY OF LOUISVILLE POLICE DEPARTMENT; Ed Payton; L.
Whitten; M. Petty, Defendants-Appellees.
 No. 90-6505.
 United States Court of Appeals, Sixth Circuit.
 April 1, 1991.
 
 W.D.Ky., 87-00341, Meredith, J.
 
 
 1
 W.D.Ky.
 
 
 2
 APPEAL DISMISSED.
 
 
 3
 Before NATHANIEL R. JONES and SUHRHEINRICH, Circuit Judges; and JOINER, Senior District Judge*.
 
 ORDER
 
 4
 This appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit.
 
 
 5
 A review of the record indicates that the final decision of the district court was entered August 25, 1989. By motions filed October 17, 1990, through November 16, 1990, the plaintiffs sought to have the case reopened and to amend the complaint. The district court treated the first motion to reopen as a motion to vacate and denied the motions on November 21, 1990. J. Brown (Joyce Brown) on December 4, 1990, appealed the November 21, 1990, order on behalf of "M.J. Brown, et al."
 
 
 6
 The notice of appeal is not sufficient to bring any of the plaintiffs before this court. The notice of appeal names "M.J. Brown, et al." as the appellant. Each party appealing must be named in the notice of appeal and the term "et al." is insufficient to make unnamed parties appellants. Torres v. Oakland Scavenger Co., 487 U.S. 312, 318 (1988); Minority Employees of the Tenn. Dep't of Employment Sec., Inc. v. Tennessee, 901 F.2d 1327, 1330 (6th Cir.) (en banc), cert. denied, 111 S.Ct. 210 (1990); Heussner v. National Gypsum Co., 887 F.2d 672, 675 (6th Cir.1989); Ford v. Nicks, 866 F.2d 865, 869-70 (6th Cir.1989). Title 28 U.S.C. Sec. 1654 provides that parties may plead and conduct their own cases personally or by counsel. Although the notice of appeal names M.J. Brown as an appellant, the document was signed by another pro se litigant, Joyce Brown, who does not have authority under 28 U.S.C. Sec. 1654 to proceed on behalf of M.J. Brown.
 
 
 7
 Accordingly, it is ORDERED that the appeal be, and it hereby is, dismissed. Rule 9(b)(1), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior District Judge for the Eastern District of Michigan, sitting by designation