**CENTRAL TRANSPORT, INC.,**

v.

**The INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN AND HELPERS OF AMERICA, AFL–CIO**

**and**

**The Teamsters National Freight Industry Negotiating Committee.**

**No. 92–CV–71942–DT.**

United States District Court, E.D. Michigan, S.D.

Sept. 17, 1992.

· Timothy K. Carroll, Detroit, Mich., Stephen Cabot, Esq., James Brogan, A. Christopher Young, Philadelphia, Pa., for plaintiff.

James A. McCall, Washington, D.C., James P. Hoffa, Detroit, Mich., for defendants.

## OPINION

DUGGAN, District Judge.

Presently before the Court is defendants' motion for summary judgment. On September 10, 1992, this Court heard oral argument on the motion. For the reasons which follow, such motion shall be denied.

### I. Background

Plaintiff is a trucking company located in Warren, Michigan. Defendants are the International Brotherhood of Teamsters ("Union"), the Teamsters National Freight Industry Negotiating Committee ("Committee"), and several locals of the Union (also "Union").

On March 31, 1991, the Supplemental Agreement to the Master National Freight Agreement between plaintiff and the Union expired. On May 1, 1991, the members of the Union ratified a new National Master Freight Agreement. After May 1, 1991, the Union, via the Committee, began negotiating with plaintiff for a new supplemental agreement.

Plaintiff avers that in negotiating the new supplemental agreement, it relied on the Committee as being the authorized bargaining agent for the Union. Plaintiff further relied on the Committee's representations that if the new agreement met or exceeded the National Master Freight Standards that had been previously ratified as part of the Union's National Master Freight Agreement, then such agreement would not have to be ratified by the members of the Union's locals subject to the agreement. Accordingly, on January 31, 1992, plaintiff made modifications to the proposed new agreement, bringing it up to the National Master Freight Standards, with the understanding that such agreement would not have to be ratified. Plaintiff claims that on February 4, 1992, the Committee accepted the proposed new agreement but on March 9, 1992, the Union and the Committee refused to sign the agreement.

Plaintiff thereafter filed suit in this Court under § 301 of the Labor Management Relations Act of 1947, 29 U.S.C.

§ 185, alleging that the Union's and the Committee's failure to sign the agreement constituted a breach of contract, *i.e.*, a breach of the "agreement."

## II. Discussion

Defendants seek dismissal of plaintiff's complaint on the grounds that this Court lacks subject matter jurisdiction to determine the "validity of the agreement."[1] Defendants argue that the National Labor Relations Board has exclusive jurisdiction over this matter. As primary support for their argument, defendants rely upon *Heussner v. National Gypsum Co.*, 887 F.2d 672 (6th Cir.1989).

In *Heussner*, the plaintiffs requested that the district court rescind an agreement where the employer allegedly procured the agreement through fraud, duress, coercion, and intimidation. 887 F.2d at 676. The Sixth Circuit affirmed the district court's dismissal of the claim, ruling that a federal district court has no jurisdiction over a claim relating to contract "validity" under § 301(a).[2] *Id.* at 676.

■ Thus, while it is true, under *Heussner*, that this Court lacks jurisdiction to determine the "validity" of an agreement, the defendants' argument is nevertheless misplaced. In this Court's opinion, the Sixth Circuit in *Heussner* was not precluding the district court from deciding the *existence* of a contract. The *Heussner* court recognized a distinction between a dispute as to the existence of a contract and a dispute involving the effect of an agreement on the pre-existing rights of employees.[3] The issue in *Heussner* was not whether the parties reached a "meeting of the minds", but whether the "meeting of the minds" that *was* reached by the parties resulted in a *valid* agreement;[4] or whether such "agreement" improperly affected the pre-existing rights of employees. Plaintiff, in this case, has not presented a dispute over contract validity; rather, plaintiff seeks to enforce an existing contract. Defendants' contention that no contract exists because the parties never reached a "meeting of the minds" does not preclude this Court from exercising jurisdiction over this issue. This Court believes that in a suit to enforce the terms of a contract, this Court has jurisdiction to resolve the issue raised by defendant, which is whether or not, in fact, a contract exists. *See Local 1603 v. Transue & Williams Corp.*, 879 F.2d 1388, 1392–93 (1989) (a district court has jurisdiction under § 301 to first determine the existence of a collective bargaining agreement before resolving the contract dispute).

In arguing that the instant action seeks to determine the validity of the agreement, defendants focus exclusively on phrases in plaintiff's complaint asking that this Court determine that the agreement is "valid and enforceable."[5] However, a fair reading of the complaint leads this Court to conclude that plaintiff is claiming that defendants *breached* the agreement. The amended complaint contains two counts alleging

---

1. Defendants' Brief in Support of Motion for Summary Judgment at 6.

2. The *Heussner* court stated that "we are reluctant in this case to expand our interpretation of Section 301(a) to give district courts jurisdiction over questions of the *validity* of collective bargaining contracts. Accordingly, we conclude that the district court did not err in dismissing Heussner's claim for rescission of the 1987 Agreement for lack of subject matter jurisdiction under Section 301(a)." 887 F.2d at 676 (emphasis in original).

3. "However, even the Third Circuit, which held in *Mack Truck* that district courts have jurisdiction under Section 301(a) to determine the existence of a collective bargaining contract, has

stated that a party may not invoke Section 301(a) jurisdiction by asserting that a collective bargaining contract itself constituted a violation of other pre-existing rights of employees. *Mack Truck, Inc. v. Intern. Union, UAW*, 856 F.2d 579, 589 (3rd Cir.1988). Thus, we decline in this case to confer jurisdiction on the district court to determine whether the 1987 Agreement itself violated rights that *Heussner* previously possessed under the 1984 Agreement." *Id.*

4. Plaintiff's complaint requested the district court to rescind the agreement because "National Gypsum procured the agreement through fraud, duress, coercion and intimidation...." 887 F.2d at 676.

5. *See, e.g.*, Complaint at 6–7, subsection (1).

 

breach of contract by defendants.[6] When read in the context of the breach of contract claims, the complaint asks this Court to make a threshold determination that a contract existed between the parties in order to determine whether a breach of that contract has occurred. Under such circumstances, this Court has jurisdiction over plaintiff's breach of contract claims. 29 U.S.C. § 185(a). *See Charles Dowd Box Co. v. Courtney,* 368 U.S. 502, 506, 510–11, 82 S.Ct. 519, 522, 524, 7 L.Ed.2d 483 (1962); and *Storey v. Local 327, Int'l. Bhd. of Teamsters,* 759 F.2d 517, 523 (6th Cir.1985).

■ Defendants also argue that the National Labor Relations Board has jurisdiction over the instant matter because plaintiff's breach of contract claims are similar to a previously filed unfair labor practice charge brought by plaintiff against the Union and the Committee.[7] Defendants support their argument by relying on *San Diego Building Trades Council v. Garmon,* 359 U.S. 236, 79 S.Ct. 773, 3 L.Ed.2d 775 (1959).

This Court disagrees with defendants' contention. In *Garmon,* the Supreme Court held that federal court jurisdiction is preempted by the jurisdiction of the National Labor Relations Board where the issues raised in a dispute involve, arguably, unfair labor practices under the National Labor Relations Act. 359 U.S. at 244–45, 79 S.Ct. at 779. *Garmon* does not apply to § 301 actions for enforcement of collective bargaining agreements. *See Smith v. Evening News Ass'n,* 371 U.S. 195, 197–98, 83 S.Ct. 267, 269, 9 L.Ed.2d 246 (1962); and *Transue & Williams Corp.,* 879 F.2d 1388, 1395–96. Thus, even if the breach of contract claims in the instant action relate to the issues presented by the previously filed unfair labor practice charge, this Court's jurisdiction is not preempted by the jurisdiction of the National Labor Relations Board.

6. *See* Complaint at paras. 29, 33.

7. On April 1, 1992, plaintiff filed an unfair labor practice charge against the Union and the Committee asserting that they had refused to bargain in good faith. (*See* Ex. J to Defendants' Brief).

### III. Conclusion

Defendants' motion for summary judgment shall be denied. An Order consistent with this Opinion shall issue forthwith.