4 F.3d 994
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Claude A. HILER, Plaintiff,
v.
Henrietta HILER, Plaintiff-Appellant,
v.
Susan C. THOMPSON, Housing Inspections Supervisor for the
City of Grand Rapids, Defendant-Appellee.
 No. 93-1226.
 United States Court of Appeals, Sixth Circuit.
 Aug. 17, 1993.
 
 W.D.Mich., No. 91-00217, McKeaque, J.
 W.D.Mich.
 AFFIRMED.
 BEFORE: MERRITT, Chief Judge; BOGGS, Circuit Judge, and ENGEL, Senior Circuit Judge.
 
 ORDER
 
 1
 Henrietta Hiler, one of two pro se Michigan residents who filed suit, appeals a district court judgment dismissing her civil complaint construed as filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking injunctive relief, Henrietta Hiler and her husband sued Susan Thompson, a housing inspector for the City of Grand Rapids, Michigan, contending that the city's intent to charge them $22,500 to demolish an abandoned building that they owned was excessive. The parties filed cross-motions for summary judgment. The district court granted summary judgment for Thompson and dismissed the complaint. In her timely appeal, Hiler contends that a second housing inspector (Charles Kennedy), who was not a named defendant in the district court, violated her Fourth Amendment rights.
 
 
 3
 Initially, we note that only Henrietta Hiler is properly before this court because she is the only pro se plaintiff to have signed the notice of appeal. See 28 U.S.C. Sec. 1654; Heussner v. National Gypsum Co., 887 F.2d 672, 675 (6th Cir.1989).
 
 
 4
 This court's review of a grant of summary judgment is de novo. See EEOC v. University of Detroit, 904 F.2d 331, 334 (6th Cir.1990). Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once a party has moved for summary judgment and has met its burden of production, the non-moving party must present significant probative evidence establishing a genuine issue of material fact. See Celotex Corp., 477 U.S. at 324; Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-50 (1986).
 
 
 5
 Upon de novo review, we conclude that the district court properly granted summary judgment for Thompson. It appears that she was sued simply because of her supervisory position. As such, Thompson is not liable under Sec. 1983. See Birrell v. Brown, 867 F.2d 956, 959 (6th Cir.1989); Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir.), cert. denied, 469 U.S. 845 (1984). Furthermore, because Hiler was not being subjected to a continuing constitutional violation, she was not entitled to injunctive relief. See Green v. Mansour, 474 U.S. 64, 71 (1985). Hiler's appellate arguments to the contrary are unpersuasive.
 
 
 6
 Accordingly, we hereby affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.