16 F.3d 1220
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Earl McFALL; Plaintiff,
Trimble Halley, Plaintiff-Appellant,
v.
John T. WIGGINGTON; Al C. Parke; Steve Berry; Walt
Chapleau, Defendants-Appellees.
 No. 93-5942.
 United States Court of Appeals, Sixth Circuit.
 Feb. 1, 1994.
 
 Before: JONES, NORRIS, and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 Trimble Halley, a pro se Kentucky prisoner, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking declaratory, injunctive, and monetary relief, McFall and Halley sued several Kentucky correctional officials essentially contending that Kentucky State Reformatory Policy (KSR) 21-00-01 deprived inmates housed in segregation of their constitutional right to access to the courts by unreasonably limiting their time in the prison law library and to inmate legal assistance. The defendants were sued in their individual and official capacities.
 
 
 3
 After defendants filed their motion for summary judgment and plaintiffs filed a response, the district court requested briefing on the issue of whether the policy also deprived illiterate inmates, such as Halley, access to the courts. The defendants briefed this issue. However, neither Halley, who was represented by an inmate legal aid, nor McFall filed a brief. The case was referred to a magistrate judge who recommended that summary judgment be granted for the defendants. Neither plaintiff filed objections to the report. The district court, noting that no objections had been filed, adopted the magistrate judge's report and granted summary judgment for the defendants. In his timely appeal, Halley continues to argue the merits of his claims.
 
 
 4
 Initially, we note that only Halley is properly before the court because he is the only pro se plaintiff who signed the notice of appeal. See 28 U.S.C. Sec. 1654; Heussner v. National Gypsum Co., 887 F.2d 672, 675 (6th Cir.1989).
 
 
 5
 Upon review, we affirm the district court's judgment because Halley has waived his right to appeal by failing to file specific objections to the magistrate judge's report and recommendation. Thomas v. Arn, 474 U.S. 140, 155 (1985); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir.1981).
 
 
 6
 This court requires a litigant to file specific and timely objections to a magistrate judge's report in order to preserve the right to appeal a subsequent order of the district court adopting and approving that report. See Howard v. Secretary of Health and Human Servs., 932 F.2d 505, 509 (6th Cir.1991). The objection requirement is not jurisdictional and may be excused in the interest of justice. See Kent v. Johnson, 821 F.2d 1220, 1222-23 (6th Cir.1987). Where a magistrate judge prepares a report, only the issues to which specific objections are filed are reviewable upon adoption of the report; a general objection to the entirety of the report has the same effect as a failure to object. Howard, 932 F.2d at 508-09. Halley has not provided this court with any explanation as to why he failed to file timely objections to the magistrate judge's report. Because Halley failed to raise any specific objections to the magistrate judge's report, he waived his right to appellate review of his complaint. Furthermore, this appeal does not present exceptional circumstances that warrant excusing the objection requirement.
 
 
 7
 Accordingly, we hereby affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.