59 F.3d 170
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Steven GRAY, Plaintiff-Appellant,
Zeb G. SHEFF, Jr., et. al., Plaintiffs,
v.
Janet RENO, Attorney General; William W. Wilkins; Ilene H.
Nagel; Julie E. Carnes; A. David Mazzone; Michael
S. Gelacak; Kathleen Hawk; Mark H.
Luttrell, Warden, Defendants-Appellees.
 No. 94-6569.
 United States Court of Appeals, Sixth Circuit.
 June 22, 1995.
 
 Before: MERRITT, Chief Judge; BROWN and MARTIN, Circuit Judges.
 
 ORDER
 
 1
 Steven Gray, proceeding pro se, appeals a district court judgment dismissing his lawsuit brought pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).
 
 
 2
 Seeking declaratory and injunctive relief, Gray and several other prisoners, proceeding pro se, sued the United States Attorney General, the United States Sentencing Commission members, and federal correctional officials in their official capacities. Plaintiffs alleged that the defendants violated their Fifth Amendment equal protection rights because racism and discrimination have been the impact of the application of: 1) the crack cocaine sentencing provision, 21 U.S.C. Sec. 841(b)(1)(B)(ii); 2) the crack cocaine sentencing guideline policy 2D1.1(a)(3) (1 gram of crack cocaine treated as 100 grams of powder cocaine for sentencing purposes); and 3) the Bureau of Prison Policy 5100.4 which allegedly differentiates between cocaine base (crack) offenders and cocaine powder offenders in determining inmate security classifications (31 grams of crack cocaine equal high severity level but 399 grams of powder cocaine equal low severity level).
 
 
 3
 A magistrate judge recommended dismissing the case. Upon de novo review in light of plaintiffs' objections and motion to amend the complaint, the district court determined that the plaintiffs' claims were without merit and dismissed the case. On appeal, Gray is the only pro se prisoner/plaintiff that signed the notice of appeal. Gray continues to argue the merits of his case. Gray also argues that the district court's dismissal under 28 U.S.C. Sec. 1915(d) was an error, that the plaintiffs raised a cognizable claim under Bivens and that the district court erred by not ordering the defendants to answer the complaint pursuant to Fed. R. Civ. P. 12(b)(6).
 
 
 4
 As an initial matter, we note that Steven Gray is the only appellant properly before the court because he is the only pro se prisoner/plaintiff who signed the notice of appeal. See 28 U.S.C. Sec. 1654; Heussner v. National Gypsum Co., 887 F.2d 672, 675 (6th Cir. 1989). Despite the changes in Fed. R. App. P. 3(c), Steven Gray was the only pro se prisoner/plaintiff that signed the notice of appeal, and the use of the term "et al." in the caption of the notice of appeal and at the end of Gray's signature is not sufficient for the other pro se prisoner/plaintiffs to effectuate an appeal to this court. There is no other indication in the body of Gray's notice of appeal that would indicate that these other plaintiffs intended to appeal the district court's judgment.
 
 
 5
 We also note that the district court did not specifically indicate that it was dismissing the case pursuant to 28 U.S.C. Sec. 1915(d). Because Gray was given an opportunity to correct the deficiencies in his complaint by the magistrate judge, the judgment of dismissal is affirmed because Gray failed to state a claim for which relief can be granted. See Tingler v. Marshall, 716 F.2d 1109, 1111-12 (6th Cir. 1983). Construing the complaint in a light most favorable to Gray and accepting all the factual allegations as true, it is clear that Gray can prove no set of facts in support of his claims that would entitle him to relief. Meador v. Cabinet for Human Resources, 902 F.2d 474, 475 (6th Cir.), cert. denied, 498 U.S. 867 (1990). This circuit has repeatedly upheld the cocaine crack equivalency against all manner of constitutional attack, including the claim of racial discrimination. United States v. Reece, 994 F.2d 277, 278 (6th Cir. 1993) (per curiam). Therefore, Gray's claims are without merit.
 
 
 6
 Accordingly, we affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.