**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 05a0035n.06
Filed: January 12, 2005

No. 03-6115

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

JIM BURKLOW et al.,                          )
                                             )
    Plaintiffs-Appellants,               )
                                             )
v.                                           )    ON APPEAL FROM THE UNITED
                                             )    STATES DISTRICT COURT FOR THE
BASKIN-ROBBINS USA, CO. and                  )    WESTERN DISTRICT OF KENTUCKY
INTERNATIONAL BROTHERHOOD OF                 )
TEAMSTERS, A.F.L., C.I.O. LOCAL              )
UNION No. 783,                               )    OPINION
                                             )
    Defendants-Appellees.                )
                                             )

**Before: DAUGHTREY and GILMAN, Circuit Judges; and RICE, District Judge.**[*]

    **RONALD LEE GILMAN, Circuit Judge.** Jim Burklow and 22 other former employees

of a closed Baskin-Robbins ice cream plant in Owensboro, Kentucky (Plaintiffs) brought a hybrid

action under § 301(a) of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185(a), against

their employer and the International Brotherhood of Teamsters, Local Union 783. The Plaintiffs

alleged that Baskin-Robbins violated the parties' collective bargaining agreement and that the Union

breached its duty of fair representation in connection with the plant closing. After finding that a

plant closing agreement superseded the collective bargaining agreement, the district court dismissed

---

[*]The Honorable Walter H. Rice, Senior United States District Judge for the Southern District of Ohio, sitting by designation.

the complaint on the basis that it had no jurisdiction under § 301(a) to determine the validity of the closing agreement.

On appeal, the Plaintiffs' principal argument is that the Sixth Circuit cases relied on by the district court, *Adcox v. Teledyne, Inc.*, 21 F.3d 1381 (6th Cir. 1994), and *Heussner v. National Gypsum Co.*, 887 F.2d 672 (6th Cir. 1989), are no longer good law after the Supreme Court's decision in *Textron Lycoming Reciprocating Engine Division v. UAW*, 523 U.S. 653 (1998). Following the parties' submission of their briefs in the present case, however, the Sixth Circuit addressed this argument in *Bauer v. RBX Industries, Inc.*, 368 F.3d 569 (6th Cir. 2004). This court in *Bauer* held that after

> [c]omparing (1) our precedents in *Adcox* and *Heussner* and (2) the general principle that federal courts have limited jurisdiction in this area, with a lone ambiguous statement by the Supreme Court [in *Textron*], we believe that our prior rulings that a federal court does not have jurisdiction to hear a § 301 claim premised upon an expired or superseded contract are still binding on us.

*Id.* at 579 n.5. In considering the Plaintiffs' argument in the present appeal, "we are bound by the published opinions of previous panels." *Grundy Mining Co. v. Flynn*, 353 F.3d 467, 479 (6th Cir. 2003).

After carefully considering the record on appeal, the briefs of the parties, and the applicable law, and having had the benefit of oral argument, we conclude that the district court did not err in granting summary judgment to the defendants. Because the reasoning that supports the judgment for the defendants has been clearly articulated by the district court in a thorough and comprehensive opinion, and because this court's subsequent ruling in *Bauer* is controlling, the issuance of a detailed written opinion by us would be unduly duplicative. Accordingly, the judgment rendered by the

Honorable Joseph H. McKinley, Jr., United States District Court Judge for the Western District of

Kentucky at Owensboro, is **AFFIRMED** on the basis of the reasoning detailed in his Memorandum

Opinion and Order dated July 22, 2003.