15 F.3d 1089
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 SAN FRANCISCO CULINARY, BARTENDERS & SERVICE EMPLOYEES
WELFARE FUND, an unincorporated association; San Francisco
Culinary, Bartenders & Service Employees Pension Trust Fund,
an unincorporated association, Plaintiffs-Appellants,
v.
Ivan LUCIN, individually and as a partner dba Il Pirata;
Katica Lucin, individually and as a partner dba Il
Pirata, Defendants-Appellees.
SAN FRANCISCO CULINARY, BARTENDERS & SERVICE EMPLOYEES
WELFARE FUND, an unincorporated association; San Francisco
Culinary, Bartenders & Service Employees Pension Trust Fund,
an unincorporated association, Plaintiffs-Appellees,
v.
Ivan LUCIN, individually and as a partner dba Il Pirata;
Katica Lucin, individually and as a partner dba Il
Pirata, Defendants-Appellants.
 Nos. 92-15086, 92-15099.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 13, 1993.
Decided Dec. 7, 1993.
 
 Before: GOODWIN, HUG, and FLETCHER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 San Francisco Culinary Bartenders and Service Employees Welfare Fund and other trust funds (collectively "Trust Funds") appeal a summary judgment in favor of employer Il Pirata in their action seeking unpaid employee fringe benefit contributions pursuant to Section 501 of the Employees Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. Sec. 1145, and Section 301 of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. Sec. 185(a). Il Pirata filed a cross-appeal, challenging the district court's denial of its request for attorney's fees. We affirm.
 
 Background
 
 3
 Il Pirata signed a Memorandum Agreement with the Restaurant Employees and Bartenders Union, Local 2 ("Union") in 1985. The Agreement incorporated by reference the Trust Funds' trust agreement providing for the payment of monthly fringe benefit contributions by Il Pirata. The Agreement was to be in effect until January 23, 1988, and thereafter to be automatically renewed on a yearly basis unless one of the parties provided the other with written notice of a desire to terminate the Agreement at least thirty days prior to January 23, 1988.
 
 
 4
 Ivan Lucin, the owner of Il Pirata, exercised his option to terminate the Agreement and so informed Union President Sherrie Chiesa by a letter dated December 16, 1987. On January 8, 1988, Chiesa acknowledged receipt of the termination notice. Although Lucin ceased paying his employees union wages, he continued to make contributions to the Trust Funds until May 1990 when he received a payroll audit billing statement indicating that $7,580.77 in contributions were overdue. At that point, Lucin informed the Trust Funds' collection manager that Il Pirata had no obligation to make additional payments because the Agreement had been terminated in December 1987.
 
 
 5
 The Trust Funds brought an action on January 8, 1991 pursuant to Section 501 of ERISA, 29 U.S.C. Sec. 1145, and Section 301 of the LMRA, 29 U.S.C. Sec. 185(a), seeking payment of employee fringe benefits allegedly due from January 1, 1989 through March 1991 when the restaurant was sold. The parties then filed cross-motions for summary judgment, and the district court ruled in favor of Il Pirata. The court found that Il Pirata had properly terminated the Agreement and had not subsequently "adopted" the terminated Agreement by continuing to make contribution payments after termination. The court, however, denied Il Pirata's request for attorney's fees after concluding that the Trust Funds' action was neither unreasonable nor improper.
 
 
 6
 We review a summary judgment de novo. Tzung v. State Farm Fire and Casualty Co., 873 F.2d 1338, 1339 (9th Cir.1989). Viewing the documents and other evidence in the light most favorable to the nonmoving party, we decide whether there are any genuine issues of material fact and whether the lower court correctly applied the relevant substantive law. Id. at 1339-40.
 
 Discussion
 I. Contractual Obligations Under the LMRA
 
 7
 Section 301 of the LMRA provides that the federal courts have jurisdiction in "[s]uits for violation of contracts between an employer and a labor organization representing employees." 29 U.S.C. Sec. 185(a). For there to be subject matter jurisdiction, the claim must be based on an existing agreement. See Office and Professional Employees Ins. Trust Fund v. Laborers Funds Admin. Office, 783 F.2d 919, 921 (9th Cir.1986).
 
 
 8
 The Trust Funds acknowledge that Lucin informed the Union of his intent to terminate the Agreement on December 16, 1987, but argue that the Agreement had continued vitality under an "adoption by conduct" theory. See Hawaii Carpenters Trust Funds v. Waiola Carpenter Shop, Inc., 823 F.2d 289, 295 n. 8 (9th Cir.1987) (suggesting that a "course of conduct evincing an intention to be bound" may be sufficient to create a binding collective bargaining agreement). The Trust Funds argue that notwithstanding the notice of termination, Lucin's subsequent conduct indicated that he still considered Il Pirata bound by the Agreement.
 
 
 9
 In support of their claim of contract by estoppel, the Trust Funds point to the continuation of contribution payments, the payment of liquidated damages and costs for late payments, the alleged authorization of a Trust Fund audit, and other interactions between Lucin and the Union. Lucin, on the other hand, maintains that he continued to make the fringe benefit payments not because he was bound to do so by a dead collective bargaining agreement, but because he was of the mistaken belief that this was a proper method of purchasing health insurance for his employees. He argues that he believed that Il Pirata could continue to pay for health insurance without being bound to the terms of the collective bargaining agreement.
 
 
 10
 We find that Lucin's course of conduct fails to demonstrate an intent to be bound by the Agreement. Lucin unequivocally informed the Union of his desire to terminate the Agreement in December 1987, and his communication was acknowledged by the Union president. Lucin also ceased paying his employees union wages. In addition, no attempts were ever made to negotiate a new agreement. The conduct cited by the Trust Funds is inadequate to show a manifest intent by Lucin to be bound by the Agreement. See Seymour v. Coughlin Co., 609 F.2d 346, 351 (9th Cir.1979), cert. denied, 446 U.S. 957 (1980); Empire Excavating v. American Arbitration Ass'n, 693 F.Supp. 1557, 1561 (M.D.Pa.1988). Most important, the Agreement was properly terminated according to its own terms, and the Trust Funds can point to no precedent in which a terminated agreement is revived by subsequent conduct.
 
 II. Contractual Obligations Under ERISA
 
 11
 The Trust Funds' claim under Section 501 of ERISA, 29 U.S.C. Sec. 1145, also fails for lack of a valid agreement. In Laborers Health & Welfare Trust Fund v. Advanced Lightweight Concrete Co., Inc., 484 U.S. 539 (1988), the Supreme Court clarified that ERISA provides a remedy only for failures to satisfy contractual obligations. Id. at 547-49. Claims based on noncontractual obligations fall within the province of the National Labor Relations Act ("NLRA"), and must be addressed in NLRB proceedings. Id. at 549, 552-53.
 
 III. Statutory Obligations Under the NLRA
 
 12
 Finally, the Trust Funds argue that even if the Agreement was properly terminated, Il Pirata had a statutory duty under Sec. 8(a)(5) of the NLRA, 29 U.S.C. Sec. 158(a)(5), to continue contribution payments until a new agreement was reached or until the parties reached an impasse. See American Distributing Co., Inc. v. NLRB, 715 F.2d 446, 449 (9th Cir.1983), cert. denied, 466 U.S. 958 (1984). We are, however, without jurisdiction to address this argument.
 
 
 13
 Claims of unfair labor practices are within the exclusive jurisdiction of the NLRB. 29 U.S.C. Sec. 160(a). The Trust Funds nonetheless ask us to exercise jurisdiction over their claim because Il Pirata does not come within the NLRB's self-imposed jurisdictional threshold requiring retail establishments to have a gross annual business volume of $500,000.[1] See YMCA v. NLRB, 914 F.2d 1442, 1448 (10th Cir.1990). As a court of limited jurisdiction, we must decline because Congress has not given the district courts jurisdiction to hear this type of claim. We recognize that because the NLRB has jurisdictional discretion, the scope of relief under the NLRA is unavailable to plaintiffs like the Trust Funds. We note, however, that Congress has attempted to fill this gap by permitting state agencies and state courts to assert jurisdiction over labor disputes where such jurisdiction was declined by the NLRB. See NLRA Sec. 14(c)(2), 29 U.S.C. Sec. 164(c)(2).
 
 IV. Attorney's Fees
 
 14
 Il Pirata cross-appeals the district court's denial of attorney's fees and moves for attorney's fees in this appeal pursuant to Section 502(g)(1) of ERISA. 29 U.S.C. Sec. 1132(g)(1). We review the denial of an award of attorney's fees for an abuse of discretion. Perry v. O'Donnell, 759 F.2d 702, 704 (9th Cir.1985).
 
 
 15
 In Hummel v. S.E. Rykoff & Co., 634 F.2d 446 (9th Cir.1980), we specified five factors that should be considered when reviewing motions for attorney's fees under Section 502(g)(1):
 
 
 16
 (1) the degree of the opposing parties' culpability or bad faith;
 
 
 17
 (2) the ability of the opposing parties to satisfy an award of fees;
 
 
 18
 (3) whether an award of fees against the opposing parties would deter others from acting under similar circumstances;
 
 
 19
 (4) whether the parties requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and
 
 
 20
 (5) the relative merits of the parties positions.
 
 
 21
 Id. at 453. We have also cautioned that " 'the Hummel factors very frequently suggest that attorney's fees should not be charged against ERISA plaintiffs.' " Graphic Communion Union No. 2 v. GCIU-Employer Retirement Benefit Plan, 917 F.2d 1184, 1189 (9th Cir.1990) (quoting Operating Eng'rs Pension Trust v. Gilliam, 737 F.2d 1501, 1502 (9th Cir.1984)).
 
 
 22
 We find no abuse of discretion in the denial of attorney's fees. The record does not support Il Pirata's contention that the Trust Funds were acting in bad faith. Further, the Trust Funds have a duty to take reasonable steps to protect the funds for the benefit of the participants and beneficiaries of the plan. A denial of attorney's fees in this case would also be consistent with the general disfavoring of attorney fee awards in ERISA cases. We also deny attorney's fees on appeal.[2]
 
 
 23
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The Trust Funds filed a claim before the NLRB before proceeding with this suit in district court, but were informed that their charge could not be processed because of the jurisdictional bar
 
 
 [2]
 Il Pirata also argues that Cal.Civ.Code Sec. 1717 also provides a basis for awarding Il Pirata attorney's fees. We decline to award fees on the basis of the state statute. This labor dispute is governed by federal law, and California state law is inapposite