**OFFICE AND PROFESSIONAL EMPLOYEES INSURANCE TRUST FUND, Plaintiff-Appellee,**

v.

**LABORERS FUNDS ADMINISTRATIVE OFFICE OF NORTHERN CALIFORNIA, INC., Defendant-Appellant.**

No. 85–1534.

United States Court of Appeals, Ninth Circuit.

Argued Oct. 9, 1985.

Submitted Oct. 23, 1985.

Decided Feb. 25, 1986.

Michael J. Carroll, Erskine & Tulley, San Francisco, Cal., for plaintiff-appellee.

Victor J. Van Bourg, Van Bourg, Weinberg, Roger & Rosenfeld, San Francisco, Cal., for defendant-appellant.

Before ANDERSON, FARRIS and NELSON, Circuit Judges.

NELSON, Circuit Judge:

Laborers Fund Corporation ("Laborers") appeals the district court's grant of summary judgment in favor of the Office & Professional Employees Insurance Trust Fund ("OPEIT"), awarding unpaid trust contributions, interest, attorneys' fees and costs. Laborers argues that the award, by requiring that Laborers pay a higher rate of contribution on behalf of its employees, illegally imposes a new contract term where no new collective bargaining agreement ("CBA") had been reached. OPEIT argues that the award merely maintains the status quo by enforcing the "maintenance of benefits" provision of the expired CBA. Because there was no subject matter jurisdiction over OPEIT's claim, we reverse and remand to the district court.

## FACTUAL AND PROCEDURAL BACKGROUND

In 1977, Laborers, previously a member of a multi-employer bargaining unit, entered into a separate CBA with the Office & Professional Employees Union Local No. 3 ("Local 3"). The CBA, which was valid through October 31, 1979, required Laborers to make monthly contributions to OPEIT for health and welfare coverage of employees subject to the CBA. The CBA included a "maintenance of benefits" clause, under which Laborers "agree[d] to pay any increase in premiums required to maintain the benefits set forth in the aforesaid Plan and Trust Agreement that were in effect on October 31, 1976." This provision referred to a separate Trust Agreement entered into between Laborers and OPEIT.

After the CBA expired,[1] Laborers continued to make contributions on behalf of its employees to OPEIT at the rate of $95 per month per employee, the same rate in effect when the CBA expired. During this time, OPEIT informed Laborers that effective April of 1980, the required contributions would be raised to $130 per month per employee. This rate was again raised to $145 effective February of 1981, and to $155 effective April of 1981..

Laborers refused to pay the increases, and continued to contribute $95 per month per employee. In August of 1982, OPEIT, claiming that Laborers' liability for unpaid contributions had grown to $51,875, refused to accept any further contributions from Laborers. This action disqualified Laborers' employees from coverage by OPEIT, and forced Laborers to procure separate health and welfare insurance for its employees.

OPEIT filed suit in federal district court seeking to recover the unpaid contributions. On December 19, 1984, the district court, without explanation, granted summary judgment for OPEIT, awarding the unpaid contributions, interest, costs and attorneys' fees.

On January 8, 1985, Laborers filed this timely appeal.

## DISCUSSION

Appellate courts may raise jurisdictional questions even if the parties fail to do so. *Rowe v. United States*, 633 F.2d 799, 800 (9th Cir.1980), *cert. denied*, 451 U.S. 970, 101 S.Ct. 2047, 68 L.Ed.2d 349 (1981). Indeed, "[w]hen jurisdiction may not exist, ... the court *must* raise the issue even if the parties are willing to stipulate to federal jurisdiction."[2] *Washington Local*

Lodge No. 104 v. International Brotherhood of Boilermakers*, 621 F.2d 1032, 1033 (9th Cir.1980) (emphasis added). "The defense of lack of subject matter jurisdiction cannot be waived, and the court is under a continuing duty to dismiss an action whenever it appears that the court lacks jurisdiction." *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir.1983).

In its original complaint, OPEIT asserted that jurisdiction was proper under section 301(c) of the National Labor Relations Act of 1947 ("NLRA"), and sections 502 and 515 of ERISA. We must determine whether the district court had subject matter jurisdiction under either of these statutes. Because OPEIT based its claim on both the expired CBA and the separate Trust Agreement, we must make this determination with respect to both of these agreements.

### A. *Collective Bargaining Agreement*

Ninth Circuit cases foreclose us from finding that the district court had subject matter jurisdiction over that part of OPEIT's claim based on the expired CBA. In *Cement Masons Health and Welfare Trust Fund For Northern California v. Kirkwood-Bly, Inc.*, 520 F.Supp. 942, 944–45 (N.D.Cal.1981), *aff'd*, 692 F.2d 641, (9th Cir.1982) (affirming "for the reasons stated in the district court's opinion"), the district court held that any suit to enforce the obligation under an expired CBA to make trust contributions is a matter for the NLRB's exclusive primary jurisdiction over unfair labor practices, and cannot be a contract action under section 301 of the NLRA because the contract no longer exists. "[T]he *terms* [of the CBA only] 'survive' in order to define the parameters of the employer's obligation under [NLRA] section 8(a)(5) to maintain the status quo during

---

**1.** After appropriate notice by Laborers, the contract expired without renewal. Despite negotiations, the parties failed to reach a new agreement, and on October 31, 1979, Laborers instituted its "final impasse position." Local 3 filed an unfair labor practice charge against Laborers, and an administrative law judge ordered Laborers to restore all the terms and conditions of employment provided by the CBA, including those which had been unilaterally changed. A

separate enforcement proceeding currently is before another Ninth Circuit panel on the issue of whether Laborers has complied with this order. *NLRB v. Laborers Fund Corp.*, No. 81–7401 (9th Cir. filed June 24, 1981).

**2.** Both OPEIT and Laborers filed a supplemental brief arguing that the district court had subject matter jurisdiction in this case.

negotiations." 520 F.Supp. at 945 (emphasis in original).

█ In *Laborers Health & Welfare Trust Fund v. Advanced Lightweight Concrete Co.*, 779 F.2d 497 (9th Cir.1985), we found "no persuasive evidence ... that Congress intended section 515 [of ERISA] to be an exception to the general rule of NLRB preemption for that narrow category of suits seeking recovery of unpaid contributions accrued during the period between contract expiration and impasse."[3] 779 F.2d at 505. Thus, we held that "the primary jurisdiction of the [NLRB] preempts a trust fund's suit in district court under sections 502 and 515 of [ERISA] to recover delinquent contributions after a collective bargaining agreement has expired." 779 F.2d at 498. Therefore, it is clear that in the present case, the district court was without subject matter jurisdiction over the part of OPEIT's claim based on the expired CBA.

### B. *Trust Agreement*

The cases leave unclear whether the district court had subject matter jurisdiction over that part of OPEIT's claim based on the separate Trust Agreement. This question was not presented in *Advanced Lightweight* because there was no evidence of any supplemental agreement in that case. 779 F.2d at 502 n. 9. Apparently, the only decision addressing this issue is *Pattern Makers' Pension Trust Fund v. Badger Pattern Works, Inc.*, 615 F.Supp. 792 (N.D. Ill.1985). In *Badger,* the district court held that jurisdiction over suits based on a separate trust agreement was not proper under section 301 of the NLRA because a trust agreement "does not qualify as a 'contract between an employer and a labor organization' under NLRA § 301(a)." 615 F.Supp. at 800. The court also held, however, that there was jurisdiction under section 502 of ERISA over the claim based on a separate

trust agreement, which by its terms *had not expired* until the employer revoked it by written notice over eight months *after* the CBA had expired. 615 F.Supp. at 797, 800–02. Arguably, then, a claim based on a separate trust agreement can be heard under ERISA.

█ In the present case, however, there cannot be jurisdiction under either statute over the part of the claim based on the Trust Agreement because that agreement expired with the CBA.[4] The Trust Agreement states that its provisions "shall continue in effect during the term of the collective bargaining agreements...." As stated earlier, after expiration of a CBA, its terms "survive" only to define the parameters of Laborers' section 8(a)(5) obligation to maintain the status quo. An expired CBA itself is no longer a "legally enforceable document." *Kirkwood-Bly,* 520 F.Supp. at 945. Thus, by its terms, the separate Trust Agreement expired with the CBA, and any continuing obligation stemming from the Trust Agreement would also derive from Laborers' duty under the NLRA to maintain the status quo. Consequently, like that part of the claim based on the expired CBA, the claim based on the expired Trust Agreement is within the exclusive primary jurisdiction of the NLRB. Finally, then, the district court had no subject matter jurisdiction over any part of OPEIT's claim for unpaid trust contributions.

This case is REVERSED and REMANDED to the district court with instructions to VACATE the judgment and to DISMISS the action without prejudice to the filing of an unfair labor practice charge with the NLRB.

---

**3.** In *Kirkwood-Bly,* the district court left open the question of whether subject matter jurisdiction could be based on ERISA. 520 F.Supp. at 946 n. 2.

**4.** Because the Trust Agreement in this case expired with the CBA, we need not decide whether a district court has NLRA or ERISA jurisdiction over a claim based on an unexpired trust agreement. Thus, we neither endorse nor reject the reasoning and result in *Badger.*