CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND, and Howard McDougall in his representative capacity as Trustee of the Central States, Southeast and Southwest Areas Pension Fund, Plaintiffs,

v.

BEELMAN TRUCK CO., a Delaware corporation, Defendant.

No. 86 C 1716.

United States District Court, N.D. Illinois, E.D.

Feb. 2, 1987.

Albert M. Madden, Thomas C. Nyhan, Central States Law Dept., Chicago, Ill., for plaintiffs.

Lawrence L. Summers, Vedder, Price, Kaufman & Kammholz, Chicago, Ill., for defendant.

## ORDER

NORGLE, District Judge.

Plaintiffs are a multiemployer pension plan and its trustee. They seek an audit from defendant, Beelman Trust Co., to determine the accuracy and completeness of reporting to the Plan. Beelman is required to make contributions to the Pension Fund on behalf of each employee covered by the collective bargaining agreements. The plaintiffs want to discover if Beelman is properly identifying employees who perform work covered by the plan, if Beelman is making the required contributions to the plan, and if contributions of unidentified but covered employees are being made. An audit is an ordinary means of permitting a trustee to fulfill his fiduciary obligations to ensure the fiscal integrity of the plan and to preserve and maintain trust assets. The Trust Agreement itself expressly grants the Trustee access to the employer's records and employment information which the Trustees may reasonably require in connection with the administration of the Trust. (Trust Agreement, Art. III, § 5).

Beelman does not dispute the plaintiffs' right to examine its records. It merely objects to the scope of the investigation. In accordance with those objections each party has submitted a proposed order for disclosure of records and has filed a brief in support of its order. The court finds the order proposed by plaintiff to be fair and reasonable, consistent with its obligations under the plan, and in compliance with the provisions of ERISA.

The court agrees with plaintiffs that the Supreme Court's decision in *Central States Pension Fund v. Central Transport, Inc.*, 472 U.S. 559, 105 S.Ct. 2833, 86 L.Ed.2d 447 (1985), controls the outcome of most of this case. *Central States* addressed the issue of whether an employer who denies employees are participants in a pension fund must nonetheless disclose the employee's records upon a reasonable request of the pension fund. The court concluded the policies of ERISA and particular provisions imposing obligations on fiduciaries justified the audit. "Both the concern for fully informing participants of their rights and status under a plan and the concern for assuring the financial integrity of the plans by determining the class of potential benefit claimants and holding employers to the full and prompt fulfillment of their contribution obligations are proper and weighty [under ERISA]." *Central States*, 105 S.Ct. at 2842. Thus, after *Central States* an audit of Beelman's employees, even if Beelman insists they are not covered by the plan, must be permitted.

Beelman insists this case is not covered by the holding in *Central States* because the agreement in this case specifically excludes from coverage certain classes of employees. But how is the trustee of the plan to know if the classification of individual employees is correct? Or that these employees are not entitled to pension credits even if the employer is not required to make contributions? *See* 29 U.S.C. §§ 1052, 1053. Thus, the employer's assurance that certain individuals fall within the excluded classifications is not a ground for refusing an audit.

■ Beelman also objects to the audit of records for Local 50 employers after July 31, 1986 and for Local 682 employees after December 31, 1985 because on those dates, the collective bargaining agreements expired. But the Agreements themselves provide that Beelman shall continue to make payments to the trust fund during the periods in which a new collective bargaining agreement is being negotiated. (Trust Agreement, Art. III, § 1). Because this contractual provision creates a basis for Beelman's obligation to make contributions, § 515 confers jurisdiction over this action covering those dates and permits plaintiffs to request an audit beyond the expiration date of the collective bargaining agreements. *Pattern Makers' Pension Fund v. Badger Pattern Works,* 615 F.Supp. 792 (N.D.Ill.1985); *see also Office and Professional Employees v. Laborers Fund,* 783 F.2d 919 (9th Cir.1986) (assuming a separate trust agreement which continued after expiration of collective bargaining agreement conferred jurisdiction under ERISA); *Laborers Health and Welfare Trust Fund v. Advanced Lightweight Concrete,* 779 F.2d 497 (9th Cir.1985) (district court has no jurisdiction under § 515 where obligation to pay contributions is derived solely from § 8(a)(5) of NLRA and not from trust agreement.)

■ Finally, Beelman objects to the confidentiality provisions of plaintiff's proposed order. Beelman argues that the order gives no protection to Beelman and its employees and particularly objects to disclosure of the audited information to government agencies. Plaintiffs respond that they are subject to statutory duties to disclose the information to the Department of Labor, 29 U.S.C. § 1134, and are subject to a consent decree which obligates them to make available certain information to an Independent Special Counsel. The court's reading of the plaintiff's proposed order is that plaintiffs will turn over the information as a matter of course. The court finds the proper language should be that plaintiff will only provide information to government agencies that they are already obligated to provide under the consent decree or the provisions of ERISA, or upon request of those agencies. Thus, the trustee can fulfill its obligations, the privacy interests of the employees will only be minimally compromised, and the government agency investigations and supervision will go unhampered.

The court adopts plaintiffs' order with the single exception noted in this order. The plaintiff shall submit an order for this court's signature in compliance with this opinion within 7 days of the date of this order.

IT IS SO ORDERED.