**CENTRAL STATES SOUTHEAST AND SOUTHWEST AREAS PENSION FUND, Plaintiff,**

v.

**FORD BROTHERS, INC., Defendant.**

No. C–1–84–175.

United States District Court, S.D. Ohio, W.D.

Aug. 5, 1987.

Louis F. Solimine, Cincinnati, Ohio, for plaintiff.

Michael A. Poe, Columbus, Ohio, for defendant.

## ORDER

HERMAN J. WEBER, District Judge.

This matter is before the Court on the Report and Recommendation of the United States Magistrate (doc. no. 25), plaintiff's Motion to Review (doc. no. 27) defendant's Response (doc. no. 29) and their supporting pleadings (doc. nos. 30, 31, 33 & 35). This Court issued an Order (doc. no. 32) granting the plaintiff's Request for an Oral Argument (doc. no. 28). A hearing was held on March 13, 1987.

On March 16, 1955, the "Trust Agreement for the Central States, Southeast and Southwest Areas Pension Fund" ("Trust Agreement") was executed. The Trust Agreement authorized creation of the Central States Pension Fund. Defendant and its employees subsequently entered into a Participation Agreement on June 18, 1971, under which defendant agreed to make timely payments to the Central States Pension Fund on behalf of certain of its employees. Sometime prior to the commencement of this litigation, defendant and these employees entered into various collective bargaining agreements. Under the terms of the collective bargaining agreements, defendant agreed to make timely payments to the Central States Pension Fund for each employee covered by the agreements, and to be bound by the terms and conditions set forth in the Trust Agreement. The collective bargaining agreements expired on November 14, 1982. On July 31, 1985, the National Labor Relations Board ("NLRB") issued an opinion on the labor activities of defendant, wherein it found that the parties had reached a collective bargaining impasse on July 3, 1983. A strike occurred on July 18, 1983.

Plaintiff alleges that defendant failed to make timely payments to the Central States Pension Fund from the time the collective bargaining agreement expired until the bargaining impasse. Plaintiff seeks to collect payments that have allegedly accrued during that period in the amount of $21,284.35.

Defendant contends that the Court lacks subject matter jurisdiction over this case under the statutes plaintiff has cited. Defendant claims that the federal court's jurisdiction under those statutes is preempted by the jurisdiction of the NLRB.

The parties agree that the relevant collective bargaining agreement expired on November 14, 1982, an impasse was reached on July 3, 1983 and a strike occurred July 18, 1983. They also agree that the only relevant contract provision in either the collective bargaining agreement or the Trust Agreement provides:

Amount of Contributions—Each Employer shall make continuing and prompt payments to the Trust Fund as required by the applicable collective bargaining agreement between the parties. The obligation to make such contributions shall continue during periods when the collective bargaining agreement is being negotiated, but such contributions shall not be required in case of strike after contract termination, unless mutually agreed otherwise.

The plain meaning of the last clause of this provision is simply that when a strike occurs, the obligation to make contributions terminates at the date the collective bargaining agreement expires.

This clause means that in case of strike after contract termination such contributions, (which are defined in the immediately preceding clauses as "the obligation to make such contributions shall continue during periods when the collective bargaining agreement is being negotiated";) *shall not be required unless the parties mutually agree otherwise.*

Under the terms of the trust agreement and collective bargaining agreement before this Court, the amount of contributions to the retirement fund after the expiration of the collective bargaining agreement in the event of a strike becomes a matter of negotiation between the employer and the employees and to determine such amount requires the mutual agreement of the employer and the negotiating unit of the employees. The trust, by the terms of the contract, cannot require payment of any amounts which became due after the expiration of the collective bargaining agreement, in the event of a strike, even though the parties were in negotiations for some period of time after the expiration of the collective bargaining agreement and before the strike occurred, without the mutual agreement of the employer and employees.

■■■ Pursuant to LMRA § 301, the federal courts have primary jurisdiction over a suit brought to enforce the provisions of an existing collective bargaining agreement, or over an action brought under § 301 for a breach of contract which is also an unfair labor practice. *Cement Masons Health & Welfare, Etc. v. Kirkwood-Bly,* 520 F.Supp. 942, 944 (N.D.Cal.1981); *aff'd.* 692 F.2d 641 (9th Cir.1982), *citing Smith v. Evening News Association,* 371 U.S. 195, 83 S.Ct. 267, 9 L.Ed.2d 249 (1962). When a plaintiff alleges an unfair labor practice, or a labor activity that is arguably subject to § 7 or § 8 of the National Labor Relations Act (NLRA), however, the federal courts "must defer to the exclusive competence of the National Labor Relations Board." *Kaiser Steel Corp. v. Mullins,* 455 U.S. 72, 83, 102 S.Ct. 851, 859, 70 L.Ed.2d 833 (1982), *quoting San Diego Unions v. Garmon,* 359 U.S. 236, 245, 79 S.Ct. 773, 779, 3 L.Ed.2d 775 (1959), *citing Garner v. Teamsters Union,* 346 U.S. 485, 490–91, 74 S.Ct. 161, 165–66, 98 L.Ed. 228 (1953).

■■■ The federal courts also have jurisdiction of a claim brought under ERISA § 515 to enforce the terms of an existing collective bargaining agreement. It has been determined, however, that § 515 does not provide an exception to the general rule that exclusive jurisdiction rests in the NLRB to determine whether a practice occurring subsequent to the expiration of a

collective bargaining agreement constitutes an unfair labor practice. *Laborers Health & Welfare Trust Fund v. Advanced Lightweight Concrete Co., Inc.* 779 F.2d 497 (9th Cir.1985); *Mo–Kan Teamsters Pension Fund v. Botsford Ready Mix Co.,* 605 F.Supp. 1441, 1444–48 (W.D.Mo.1985); *U.A. 198 Health and Welfare, Education and Pension Funds v. Rester Refrigeration Service, Inc.,* 790 F.2d 423, 425–26 (5th Cir.1986); *Pattern Makers' Pension Trust Fund v. Badger Pattern Works, Inc.,* 615 F.Supp. 792, 798–800 (N.D.Ill.1985).

■ This Court concludes that the only right the employees and the trust have under the circumstances of this case rests upon the obligation to maintain the status quo during the period of negotiations after the expiration of the collective bargaining agreement as required by the labor law. The payment of retirement benefits to the fund becoming due after the expiration of the collective bargaining agreement in the event of a strike becomes a bargaining chip. The rights of the parties are controlled by the labor statutes, not the terminated contract. Thus, the determinations of their rights must be by the NLRB, *not* this Court.

Consistent with the reasoning set forth above, this Court ADOPTS the Report and Recommendation of the Magistrate and grants defendant's Motion to Dismiss for lack of subject matter jurisdiction.

IT IS SO ORDERED.