Frank **COSTANZO**, et al., Plaintiffs,

v.

**PLAIN DEALER PUBLISHING CO.,** Defendant.

**Civ. A. No. 1:89CV0345.**

United States District Court,
N.D. Ohio, E.D.

June 27, 1989.

Ralph P. Ezzo, Cleveland, Ohio, for plaintiffs.

Elliot S. Azoff, Jose Feliciano, Edwina A. Wilson, Baker & Hostetler, Cleveland, Ohio, for defendant.

## MEMORANDUM AND ORDER

ANN ALDRICH, District Judge.

Frank and Patricia Costanzo bring this action against the Plain Dealer Publishing Co. for wrongful discharge, breach of contract, loss of consortium and punitive damages. Pending before the Court are the Plain Dealer's motions to dismiss the complaint or, in the alternative, for summary judgment, and for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure. The Costanzos oppose the dispositive motion and the sanctions motion, and have filed their own motion for Rule 11 sanctions. Upon consideration and for the reasons that follow, the Court denies the Costanzo's Rule 11 motion, and grants the Plain Dealer's motions to dismiss and for sanctions against both the Costanzos and their counsel, Ralph P. Ezzo.

### I.

The relevant facts are undisputed. Frank Costanzo was employed by the Plain Dealer as a "shuttler." As such, he was a member of Local 473 of the Newspaper & Magazine Drivers' Union, and the terms and conditions of his employment were governed by the collective bargaining agreement existing between the Plain Dealer and Local 473. That agreement provides for discharge only upon good cause, and includes a mandatory grievance procedure for resolution of disputes. This grievance procedure culminates in binding arbitration before a mutually acceptable arbitrator.

In the fall of 1987, friction developed between certain of the Plain Dealer employees regarding whether or not the pressmen should vote to continue as members of Local 473. Verbal altercations and episodes of name-calling among various of the employees preceded a particular altercation between plaintiff Frank Costanzo, who was loyal to Local 473, and Jerry Lee Jones, a critic of that union. In the early hours of November 20th, Jones accosted Costanzo with a rude and provocative remark. Costanzo admits that he responded by physically assaulting Jones. Thereafter, on November 24, 1987, Costanzo was suspended.

According to the Plain Dealer, Costanzo was fired on January 15, 1988, at the conclusion of its investigation of the incident, for fighting on the Plain Dealer's premises. According to Costanzo, however, he was discharged, "without cause" on February 24, 1988. Costanzo filed a grievance as required by the collective bargaining agreement. Local 473 processed Costanzo's grievance through a three-step grievance procedure. The grievance was ultimately heard by an arbitrator on April 12 and 13, 1988, and the parties submitted briefs for review on June 17, 1988. On July 6, 1988, the arbitrator issued his decision finding just cause for Costanzo's termination, and denying the grievance.

On February 3, 1989, Costanzo and his wife Patricia brought suit in the Cuyahoga County Court of Common Pleas, asserting that his termination was unjust in light of the ongoing level of violent behavior on their premises that is usually condoned by the Plain Dealer. Costanzo claims that he has been singled out for disproportionately

harsh treatment in retribution for his union organizing activities, and in contravention of federal labor law.

The Plain Dealer removed the case to this Court on February 27, 1989, and thereafter filed its motion to dismiss or for summary judgment. In support of its motions, the Plain Dealer argues that Costanzo's state law wrongful discharge claim is pre-empted by federal law; that the complaint lacks the essential allegation that the union breached its duty of fair representation; that, given the absence of allegations of union misrepresentation or management repudiation of the grievance procedure, this Court may not review the merits of an arbitration decision; that, insofar as the complaint contends that Costanzo was discharged for his union activities, exclusive jurisdiction would lie with the National Labor Relations Board; and that Costanzo's complaint is untimely.

## II.

On a motion to dismiss, the allegations of the complaint must be taken as true and construed in the light most favorable to the plaintiff. *Hughes v. Rowe*, 449 U.S. 5, 10, 101 S.Ct. 173, 176, 66 L.Ed.2d 163 (1980) (per curiam); *Windsor v. The Tennessean*, 719 F.2d 155, 158 (6th Cir.1983), *cert. denied*, 469 U.S. 826, 105 S.Ct. 105, 83 L.Ed. 2d 50 (1984); *Westlake v. Lucas*, 537 F.2d 857, 858 (6th Cir.1976). The complaint is only to be dismissed if the plaintiff could prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). The Court need not, however, accept as true a legal conclusion couched as a factual allegation. *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 2944–45, 92 L.Ed.2d 209 (1986).

■ The Court finds the Plain Dealer's brief in support of its dispositive motion thoroughly persuasive. Clearly, under *Del Costello v. International Brotherhood of Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983), a six (6) month statute of limitations applies to actions challenging the breach of a collective bargaining agreement and a breach of a union's duty of fair

representation. Costanzo does not dispute that the arbitrator's final decision was rendered on July 6, 1988. Thus, the limitations period for this lawsuit expired six months thereafter, on January 6, 1989. Because the suit was not filed until February, this Court has no subject matter jurisdiction.

Moreover, as the Plain Dealer points out in its reply brief, had the complaint actually included a claim seeking a vacatur of the arbitrator's award because, for example, the arbitrator "select[ed] words totally outside the collective bargaining agreement," plaintiff's response at 2, such a claim would have been governed, and barred, by a three (3) month limitations period. *Champion International Corporation v. Paperworks*, 779 F.2d 328 (6th Cir.1985); Ohio Rev.Code § 2711.13.

The Court therefore grants defendant's motion to dismiss the complaint as untimely filed.

## III.

The Plain Dealer's motion for sanctions alleges that plaintiffs and their counsel pursued this law suit in bad faith and without justification.

Rule 11 of the Federal Rules of Civil Procedure, as amended, states in pertinent part:

The signature of an attorney or party constitutes a certificate by the signer that the signer has read the pleading, motion, or other paper; that to the best of the signer's knowledge, information *and belief formed after reasonable inquiry it is well-grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law*, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.... If a pleading, motion or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate

sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee. [Emphasis added.]

The Sixth Circuit Court of Appeals has held that both the attorney and the litigant have a continuing obligation to review and re-evaluate their pleadings, motions, and other papers, and upon learning that these papers may be without merit, the appropriate course is to dismiss the action. *Herron v. Jupiter Transp. Co.*, 858 F.2d 332, 336 (6th Cir.1988). Accord *City of Yonkers v. Otis Elevator Co.*, 844 F.2d 42, 49 (2d Cir.1988); *Flip Side Productions, Inc. v. Jam Productions Ltd.*, 843 F.2d 1024, 1036 (7th Cir.1988).

Apart from defense counsel Azoff's telephone call to plaintiffs' counsel, Ezzo, after Azoff had received the state court complaint, admonishing Ezzo as to its meritless claim, [see affidavits of Azoff and Ezzo attached to their respective motions for sanctions], it is clear that Ezzo should have withdrawn his complaint after his receipt of defendant's motion to dismiss on March 1, 1989. It was then eminently clear that Costanzo's claims were time barred. It was also clear that insofar as Costanzo purports to state a claim under the Labor Management Relations Act, 29 U.S.C. § 185, his complaint is facially fatally defective for failure to include a claim against his union for breach of its duty to fairly represent him in his arbitration grievance. *Hines v. Anchor Motor Freight, Inc.*, 424 U.S. 554, 567, 96 S.Ct. 1048, 1057–58, 47 L.Ed.2d 231 (1976). This requirement has been basic hornbook law since 1967. *Vaca v. Sipes*, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967).

Moreover, insofar as Costanzo contends that he was discharged because of his union activities, thus stating a claim based on alleged unfair labor practices, such claim would lie only under the Labor Management Relations Act, 29 U.S.C. § 158, with exclusive jurisdiction in the National Labor Relations Board, with a right of appeal to the United States Courts of Appeal. *San Diego Building Trades Council v. Garmon*, 359 U.S. 236, 79 S.Ct. 773, 3 L.Ed.2d 775 (1959); *Central States v. Ford Bros.*, 688 F.Supp. 316 (S.D.Ohio 1987). A minimal inquiry into the facts of this case, and the case law set forth in the Plain Dealer's brief in support of its dispositive motion, would have lead an ordinarily conscientious attorney to the conclusion that his case was without merit, and should be withdrawn.

Instead, Ezzo, without requesting an extension of time, filed a response which was thirty-seven (37) days late, riddled with incoherent phrasing and typographical errors, and without foundation in law. The claim that his case was based on the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (Response at pp. 3–4) is mystifying, as is his bald assertion that the Court "is not bound by the arbitration award". *Id.* at 5. The arbitration award was not mentioned in the complaint, nor was any attempt made to amend the complaint to request that the award be vacated. To undermine his tenuous position still further, Costanzo then filed his own, ill-advised, motion for sanctions. Plaintiff's counsel is evidently operating in flagrant disregard of the norms of proper legal practice or in flagrant ignorance of legal principles easily discernible and relevant to a case of this kind. Accordingly, the Court finds that an award of sanctions in favor of the defendant Plain Dealer is proper. It also finds that reasonable counsel fees for defending a lawsuit pursued without justification, is an appropriate sanction. *Herron v. Jupiter Transp. Co.*, 858 F.2d at 337.

### IV.

Upon consideration and for the foregoing reasons, the Plain Dealer's motion to dismiss Costanzo's complaint is granted. Pursuant to Fed.R.Civ.P. 12(b)(6), the within action is hereby dismissed with prejudice. The plaintiff's motion for sanctions is denied. Defendant's motion for sanctions is granted. The Plain Dealer shall submit, within ten (10) days of the date of this order, a petition setting forth its attorneys fees and costs incurred in defending this

**1384**

action since the removal of this case to federal court. The Court will thereafter determine a proper sanction, to be assessed jointly and severally against plaintiffs and their counsel.

IT IS SO ORDERED.