Willie **RUDD**

v.

**BAKER FURNITURE**

No. 3:96–0336.

United States District Court, M.D. Tennessee, Nashville Division.

May 28, 1997.

Deborah Godwin, Memphis, TN, for Plaintiff.

Richard R. Parker, William S. Rutchow, Nashville, TN, for Defendant.

### *MEMORANDUM:*

JOHN T. NIXON, Chief Judge.

Pending before the Court is Defendant's Motion to Dismiss the Complaint. (Doc. No. 4). The Plaintiff has filed papers in opposition. Upon review of the record, and for the reasons stated below, the Court denies the Motion.

## I. BACKGROUND:

Plaintiff Willie Rudd, who is Chairman of the Board of Trustees of the United Furni-

ture Workers Insurance Fund ("the Fund"), initially brought this action as a complaint for damages and injunctive relief under the Employees' Retirement Income Security Act of 1974 ("ERISA"). Rudd sought, as a fiduciary of the Fund, to enforce the Fund's terms. The Fund is a multi-employer plan within the meaning of ERISA § 3(37)(A), 29 U.S.C. § 1002(37)(A).

Jurisdiction in the matter is contested. The Plaintiff claims that the Court has jurisdiction over the subject matter of this action pursuant to § 502(e)(1) of ERISA, P.L. 93–406, as amended, 29 U.S.C. § 1132(e)(1), in that this is an action by a fiduciary of the Fund to enforce the terms of the plan under ERISA § 515, 29 U.S.C. §§ 1132 and 1145 and § 502(a)(3). According to this theory, venue is based on the district in which the Fund is administered, the Middle District of Tennessee. Defendants dispute the Court's subject matter jurisdiction for reasons discussed below.

The Fund, which is administered in Nashville, TN, was established by the Union and is maintained for the purpose of providing its participants and beneficiaries with medical, surgical, and hospital benefits. The Defendant, Baker Furniture Company, operates a factory located in Grand Rapids, Michigan, and is an "employer" within ERISA § 3(5), 29 U.S.C. § 1002(5).

Defendant entered into a collective bargaining agreement with the United Furniture Workers Local 415 effective November 2, 1991. Under the terms of the collective bargaining agreement, the Defendant agreed and was bound to submit accurate monthly reports of hours worked and contributions to the Fund in accordance with the Wage, Health, and Welfare Work Assessment and Pension sections. Plaintiff contends that Defendant has failed to submit accurate contributions and/or accurate reports of hours worked and contributions to the Fund in accordance with the Wage, Health, and Welfare Work Assessment and Pension sections for the years 1991–1994 for all covered employees. Plaintiff argues that Defendant's failure to file accurate reports constitutes a breach of the collective bargaining agreement in effect between Defendant and the

United Furniture Workers Insurance Fund and § 515 of ERISA 29 U.S.C. § 1145, for which the Defendant is liable for any delinquent contributions, interest, liquidated damages of twenty percent, all costs of collection including reasonable attorneys' fees and/or auditor or accountant's fees.

Pursuant to provisions contained in the Agreement and Declaration of Trust and the Plan documents, the Board of Trustees for the Fund is authorized and empowered to audit, examine, and copy the payroll records of an employer to permit the Fund to determine whether the employer is making full payment as required under the collective bargaining agreement. In August of 1995 and again in October of 1995, Plaintiff states that it requested Defendant to submit to a payroll audit, but Defendant refused to comply.

Pursuant to ERISA § 502(a)(3), a fiduciary such as Plaintiff is entitled to enforce the provision of the plan and to enjoin any acts or practices which violate the plan. Plaintiff maintains that it is otherwise without an adequate remedy at law and will suffer immediate, continuing and irreparable harm to its viability and integrity unless (1) Plaintiff is allowed to audit Defendant's books and records and (2) unless Defendant is ordered to specifically perform all its obligations to Plaintiff as required by the Collective Bargaining Agreement and Agreements and Declarations of Trust, and (3) is restrained from continuing to refuse to perform as required.

**DEFENDANT'S MOTION TO DISMISS:**

Pursuant to Rules 12(b)(1) and (5) of the Fed.R.Civ.P., Defendant Baker Furniture Company moved for an order dismissing Plaintiff's claims with prejudice. The grounds for the motion are as follows:

Defendant states that the collective bargaining agreement with Local 417 of the United Furniture Workers Union for the period at issue ran from November 2, 1991 until November 2, 1994. Under the terms of the expired agreement, Baker made contributions to the Fund. The Agreement between Local 415 and Baker did not include any provision whereby Baker agreed to be bound

by the terms and conditions of the Agreement and Declaration of Trust establishing the Fund. Baker Furniture, it is averred, is not a party to the Declaration of Trust Agreement.

According to Defendant, since there exists no contractual agreement between Baker and the Fund, any rights the Fund had against Baker were as a third-party beneficiary of the collective bargaining agreement between Baker and Local 415.

Defendants then argue that this Court lacks subject matter jurisdiction over this action. Baker states that regardless of whether the collective bargaining agreement ever gave the Fund a contractual right to conduct a payroll audit of Baker, any such right lapsed when the collective bargaining agreement expired on November 1, 1994. Defendant contends that while § 502 of ERISA (29 U.S.C. § 1132) authorizes civil actions in district court to enforce violations of Section 515, "Section 502 does not give subject matter jurisdiction to federal courts over actions to collect benefits due under an expired collective bargaining contract." *Citing Heussner v. National Gypsum Co.,* 887 F.2d 672, 677 (6th Cir.1989). Defendant maintains that an expired collective bargaining agreement "is no longer a legally enforceable document." *Citing Office and Professional Employees Ins. Trust Fund v. Laborers Funds Admin. Office of Northern California, Inc.,* 783 F.2d 919, 922 (9th Cir. 1986). According to Defendant, claims based upon an expired collective bargaining agreement are within the exclusive primary jurisdiction of the National Labor Relations Board. *Id. See also Central States Southeast and Southwest Areas Pension Fund v. Ford Bros., Inc.,* 688 F.Supp. 316, 318–319 (S.D.Ohio 1987).

According to Defendant, Section 502 authorizes suits to enforce rights under Section 515 to be brought in federal court only while a collective bargaining agreement remains in force. *See Heussner,* 887 F.2d at 677. Defendant states that Plaintiff seeks to force Baker to submit to an audit of its payroll records based on a collective bargaining agreement between Local 415 and Baker that expired on November 1, 1994. Thus, in

Defendant's view, because the collective bargaining agreement upon which plaintiff bases his claim is no longer in force, this court lacks subject matter jurisdiction over plaintiff's claims. *Id.*

Defendant also based its Motion to Dismiss on insufficiency of service of process but has since withdrawn this argument as a basis for its Motion. (See Court Order of June 12, 1996).

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS:**

Plaintiff contends that defendant mischaracterizes the nature of this action. Plaintiff does not seek contributions for work performed following the expiration of the collective bargaining agreement. Rather, Plaintiff seeks to enforce its right to perform an audit of Defendant payroll records for the period of time work was performed under the then existing collective bargaining agreement (i.e., 1991–1994), and collect any delinquent contributions owed pursuant to that audit. Under such circumstances, according to Plaintiff, this Court has jurisdiction and Defendant's Motion to Dismiss is without merit.

Plaintiff notes that it is undisputed that Local 415 of the United Furniture Workers Union was party to a collective bargaining agreement with Baker Furniture Company effective November 2, 1991 through November 2, 1994. Pursuant to Article XII of said agreement, the Employer agreed to submit its payroll records for audit. The relevant language is as follows:

The Employer agrees to make available to the Union and/or the United Furniture Workers' Insurance Fund, upon written notice, any and all books and records of the Employer relating to whatever the Union and/or the United Furniture and/or the United Furniture Workers Insurance Fund may require in connection with the sound and efficient operation of the Insurance Fund and the administration of its benefits.

Further, the Agreement and Declaration of Trust of the United Furniture Workers Insurance Fund provides:

The Trustees shall have the power to obtain from the employer, union and employ-

ees such information as shall be necessary for proper administration of the Fund. Each employer shall promptly furnish to the Trustees, upon reasonable demand, the names and current addresses of its employees, their Social security numbers, and the hours worked by each employee and such payroll records or other information as the Trustees may reasonably require in connection with the administration of the Trust. The Trustees may, by their representatives, examine the pertinent records of each employer at the employer's place of business whenever such examination is deemed necessary or advisable by the Trustees in connection with the proper administration of the Trust.

Plaintiff argues that it has been held that an ERISA regulated employee benefit plan has a right to conduct an audit of an employer's records where the audit is contractually authorized and undertaken for a purpose consistent with the policies of ERISA. *Citing Central States, Southeast and Southwest Areas Pension Fund v. Central Transport. Inc.*, 472 U.S. 559, 581, 105 S.Ct. 2833, 2845–2846, 86 L.Ed.2d 447 (1985), *reh'g denied,* 473 U.S. 926, 106 S.Ct. 17, 87 L.Ed.2d 696 (1997). In *Central Transport,* the Court held that the audit was authorized by general as well as specific provisions of the trust agreement and was for legitimate purpose under both ERISA and the common law of trust because "highly relevant to legitimate trustee concerns." *Id.* at 569, 105 S.Ct. at 2839.

> Both the concern for fully informing participants of their rights and status under a plan and the concern for ensuring the financial integrity of the plans by determining the class of potential benefit claimants and holding employers to the full and prompt fulfillment of their contribution obligations are proper and weighty within the framework of ERISA.

*Id.* at 574, 105 S.Ct. at 2842. *See also, Central States, Southeast and Southwest Areas Pension Fund v. Beelman Truck Co.,* 653 F.Supp. 678, 679 (N.D.Ill.1987) (Audit is an ordinary means of permitting a trustee to fulfil his fiduciary obligations to ensure the fiscal integrity of the plan and to preserve and maintain trust assets).

Plaintiff also contends that it is recognized that ERISA imposes "a duty of responsibility and record keeping on employers who are participants in an employee benefit plan." *Central States, et al. v. Central Transport, Inc.,* 698 F.2d 802, 805 (6th Cir.1983), *reversed on other grounds,* 472 U.S. 559, 105 S.Ct. 2833, 86 L.Ed.2d 447 (1985). According to Plaintiff, the Court noted in *Central Transport* that ERISA imposes special responsibilities on the trustees who administer employee benefit funds as well as the employers who contribute to them. *Id.* at 806. The *Central Transport* Court stated that the trustees' fiduciary duty to maintain and preserve plan assets supports their auditing authority and is likewise supported by various ERISA provisions. For example, Plaintiff notes that § 209 of ERISA supplements the benefit plans' duties to furnish reports to plan participants by requiring employers to maintain records on employees and to furnish to benefit plans the information needed for the plans' fulfillment of their reporting duties. 29 U.S.C. § 1059. Plaintiff contends that the plain language of ERISA clearly places the duty upon the employer to maintain records that will permit a determination of when the benefits are due for employees. *Combs v. King,* 764 F.2d 818, 822–23 (11th Cir.1985).

According to Plaintiff, other courts have followed the Supreme Court ruling in *Central States,* and have applied it to hold that the trust agreements give the trustee the right to audit an employer's books and records. *Citing Santa Monica Culinary Welfare Fund v. Miramar Hotel Corp.,* 920 F.2d 1491, 1494 (9th Cir.1990); *Plumbers and Steamfitters Local No. 150 Pension Fund v. Vertex Const. Co., Inc.,* 932 F.2d 1443, 1451 (11th Cir.1991). Plaintiff maintains that *Santa Monica* involved a trustee for a benefits plan who sought to compel an employer to submit to an audit of its records. The collective bargaining agreement requiring the employer to contribute to the plan was silent on the rights and duties of the Fund's trustees. *Santa Monica* at 1493. Thus, Plaintiff cites the case for the proposition that the role of the trustees is generally defined by the trust documents, to the extent

that these documents are consistent with the provisions of ERISA. *Id.* (citing *Central States Pension Fund v. Central Transp., Inc.,* 472 U.S. 559, 568, 105 S.Ct. 2833, 2839, 86 L.Ed.2d 447 (1985)). Furthermore, Plaintiff notes that the *Santa Monica Culinary Welfare Fund* Court held that "the Trust Agreement gives the Fund the right to audit Mirimar's records, despite the fact that the collective bargaining agreement is silent on the issue." *Id.*

In the case at hand, according to Plaintiff, the Fund notified the Defendant of a routine audit for the period of 1991 through 1994 during the pendency of the collective bargaining agreement. Further, Plaintiff argues that the Fund does not seek to audit for any periods following the expiration of the collective bargaining agreement nor to collect the contributions for any period following the expiration of the collective bargaining agreement. Therefore, Plaintiff asserts, the cases cited by the Defendant are inapposite. Rudd contends that in *Heussner,* 887 F.2d at 672, the plaintiff sought pension and related benefits pursuant to a collective bargaining agreement that had been superseded.

Plaintiff argues that the right to audit survives the expiration of the collective bargaining agreement or the trustees would have no effective way of exercising the right since an audit can only be performed in retrospect. Rudd cites *Building Service Employees Pension Trust v. Horsemen's Quarter Horse Racing Ass'n,* 609 F.Supp. 1075, 1078 (D.C.Ca.1985), in which the trustees sought to audit the records of former union members who had opted for early retirement and were receiving pension benefits but were suspected of subsequently returning to work. In that case, the employer refused to allow the audit on the basis that the collective bargaining agreement incorporating the trust indenture which authorized the audit had expired. The court held that (1) the duty to provide relevant information to the trustees, like the duty to arbitrate, should survive the expiration of the agreement, particularly where the records sought were those of former union members who were currently receiving pension benefits who had been covered by the expired agreement; and (2) to permit the audit was a reasonable interpretation of the existing contract in light of the purposes of ERISA, "to protect the pension benefits of those individuals who are entitled to them [and] to enable the trustees to have adequate information to perform their fiduciary duties in collecting, administering, and paying out benefits." *Id.* at 1080–1081.

Here, according to Plaintiff, the collective bargaining agreement as well as the Trust document authorize the reasonable review of Defendant's payroll records. (*See,* Audit Request of August 30, 1995). Plaintiff is merely fulfilling his fiduciary duty to ensure proper contributions have been made.

## II. DISCUSSION:

When a defendant attacks subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1), the plaintiff must meet the burden of proving jurisdiction. *See Rogers v. Stratton Industries, Inc.,* 798 F.2d 913, 915 (6th Cir.1986), quoted in *North American Royalties, Inc. v. United States,* 1996 WL 679561, *1 (E.D.Tenn.1996). A Rule 12(b)(1) motion may challenge the complaint on its face or it may contest the existence of subject matter in fact. If the motion attacks the face of the complaint, the plaintiff's burden "is not onerous." *Musson Theatrical, Inc. v. Federal Express Corp.,* 89 F.3d 1244, 1248 (6th Cir. 1996). The plaintiff need only demonstrate that the complaint alleges a "substantial" federal claim, meaning that prior decisions do not inescapably render the claim frivolous. *Id.* A court evaluating a facial attack must consider the allegations of fact in the complaint to be true. *RMI Titanium Co. v. Westinghouse Elec. Corp.,* 78 F.3d 1125, 1134 (6th Cir.1996). Thus, "the plaintiff can survive the motion by showing any arguable basis in law for the claim made." *Musson,* 89 F.3d at 1248.

Alternatively, if a Rule 12(b)(1) motion contests subject matter jurisdiction factually, the court "is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *RMI,* 78 F.3d at 1134 (quoting *Mortensen v. First Fed. Savings and Loan Ass'n,* 549 F.2d 884, 891 (3d Cir. 1977)); see also *Rogers,* 798 F.2d at 915

(court deciding Rule 12(b)(1) motion "is empowered to resolve factual disputes"). When the facts are disputed, "[t]he district court has broad discretion to consider affidavits, documents outside the complaint, and to even conduct a limited evidentiary hearing if necessary." *Cooley v. United States,* 791 F.Supp. 1294, 1298 (E.D.Tenn.1992), *aff'd,* 17 F.3d 890 (1994) (citing *Ohio Nat'l Life Ins., Co. v. United States,* 922 F.2d 320, 325 (6th Cir.1990)). The Court can do so without converting the Rule 12(b)(1) motion into a motion for summary judgment. *Id.*

Here Defendant does not dispute the material underlying facts, but instead argues that the facts do not support a claim under § 502 and § 515 of ERISA. Defendant contends that Plaintiff is not entitled to audit Defendant's books in that (1) Defendant's former relationship under the collective bargaining agreement was with the United Furniture Workers Local 415 not with Plaintiff and (2) any right Plaintiff might have had to conduct a payroll audit lapsed when the collective bargaining agreement expired on November 1, 1994. Hence, the Court will consider the factual allegations of Plaintiff's Complaint as true.

■ Plaintiff here has invoked § 515 of ERISA as the source of Defendant's alleged duty to allow an audit and to make contributions to the Trust fund administered by Plaintiff. Section § 515 provides that:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

29 U.S.C. § 1145. In turn, § 502 of ERISA authorizes Plaintiff, representing the Trust Fund, to bring a civil action alleging a violation of § 515, and also specifies the remedies available to Plaintiffs should they prevail. See 29 U.S.C. § 1132.

Congress enacted § 515 of ERISA in 1980 to address a perceived problem in ERISA enforcement. As explained by the Seventh Circuit in *Central States, Southeast and Southwest Areas Pension Fund v. Gerber Truck Serv., Inc.* 870 F.2d 1148, 1152–1153 (7th Cir.1989), Congress was concerned that ERISA plans were incurring high litigation costs and were often failing to collect delinquent contributions due to resistance by employers. In light of this congressional purpose, courts have uniformly construed § 515 as sharply limiting the defenses available to employers in actions seeking payment of delinquent ERISA trust fund contributions. *See* e.g., *Southwest Administrators, Inc. v. Rozay's Transfer,* 791 F.2d 769, 773 (9th Cir.1986), *cert. denied,* 479 U.S. 1065, 107 S.Ct. 951, 93 L.Ed.2d 999 (1987).

■ As Plaintiff notes, several Courts have applied the *Central Transport* holding to find that trust agreements give the trustee the right to audit an employer's books and records. *See, e.g. Santa Monica Culinary Welfare Fund,* 920 F.2d at 1494; *Plumbers and Steamfitters Local No. 150 Pension Fund,* 932 F.2d at 1451. This Court finds this reasoning to be persuasive.

Also, this Court finds the policy rationale for a retroactive right to audit, as cited in *Building Service Employees Pension Trust,* 609 F.Supp. at 1075, to be in line with ERISA's purposes. In that case, as noted by Plaintiff, trustees sought to audit the records of former union members who had opted for early retirement and were suspected of receiving pension benefits but had subsequently returned to work. When the employer refused on the grounds that the collective bargaining agreement incorporating the trust indenture which authorized the audit had expired, litigation ensued and the Plaintiff ultimately prevailed. The *Building Service Employees Pension Trust* Court held that to permit the audit was reasonable in light of ERISA's purpose, "to protect the pension benefits of those individuals who are entitled to them [and] to enable the trustees to have adequate information to perform their fiduciary duties in collecting, administering, and paying out benefits." *Id.* at 1081. This policy would similarly dictate against dismissing Plaintiff's claim at this time.

Defendant's arguments rely upon a misinterpretation of the cited caselaw. For example, Defendant cites *Heussner* for the propo-

sition that "Section 502 does not give subject matter jurisdiction to federal courts over actions' to collect benefits due under an expired collective bargaining contract." *Heussner,* 887 F.2d at 677. However, in *Heussner,* the plaintiffs sought to collect benefits accruing after the expiration of the collective bargaining agreement, on the theory that the successor agreement was entered into invalidly. In the case at bar, Plaintiff seeks to collect benefits which accrued before the expiration of the collective bargaining agreement at issue. Thus, the books and accounts sought for examination all relate to the November 2, 1991 through November 2, 1994 period, during which the collective bargaining agreement was in force. *Office and Professional Employers Insurance Fund* is cited by Defendants for the proposition that an expired collective bargaining agreement is no longer a legally enforceable document. 783 F.2d at 921–922. However that dispute centered around a plaintiff's attempts to collect benefits accruing after the expiration of a collective bargaining agreement and a disagreement as to which rate at which the post-expiration benefits would be calculated. Again, the *Office and Professional Employers* facts contrast with those in the case at bar, where Plaintiff seeks information related to benefits that accrued during the term of the 1991–1994 collective bargaining agreement between the parties.

Thus, the Court concludes that, while authority is limited on this issue, the caselaw of other districts and the implications of Sixth Circuit caselaw indicate that here, there is a set of facts alleged, which, if proven by Plaintiff, would afford an arguable basis in law for the claim made. This satisfies the requisite standard for Plaintiff's survival of a 12(b)(1) Motion to Dismiss on the face of the complaint.

### III. CONCLUSION

For the foregoing reasons, the Court hereby denies Defendant's Motion to Dismiss. An Order consistent with the reasoning set forth above is filed contemporaneously.