Phil McLAURIN,

v.

LaROCHE INDUSTRIES, INC.

Civil Action No. 97–386–B–M2.

United States District Court,
M.D. Louisiana.

Oct. 28, 1997.

David L Guerry, Daniel D. Holliday, III, Michael A. Patterson, Long Law Firm, Baton Rouge, LA, for plaintiff.

Matthew M. Courtman, Murphy James Foster, III, Breazeale, Sachse & Wilson, Baton Rouge, LA, Kurt A. Powell, Hunton & Williams, Atlanta, GA, for defendant.

## RULING ON DEFENDANT'S MOTION TO DISMISS

POLOZOLA, District Judge.

### BACKGROUND AND FACTS

The issue the Court must determine in this case is whether the Court has, subject matter jurisdiction herein under section 301(a) of the National Labor Relations Act. ("NLRA"), 29 U.S.C. § 185(a).[1] The defendant has filed a motion for failure to state a claim upon which relief can be granted in accordance with Federal Rule of Civil Procedure 12(b)(6), but, it is better addressed as a 12(b)(1) motion for lack of subject matter jurisdiction, since the defendant is actually alleging that the Court does not have jurisdiction.[2]

Phil McLaurin ("McLaurin") worked for LaRoche Industries, Inc. ("LaRoche") under a collective bargaining agreement ("CBA"). This agreement expired. The union, representing the plaintiff and other company employees, and LaRoche were in the process of bargaining for a new contract when the old contract expired. The plaintiff alleges (and the defendant does not dispute) that the defendant had unilaterally imposed its final offer. Under this imposed offer, the plaintiff alleges that the defendant could only fire employees for cause. Thereafter, the plaintiff's employment was terminated. The plaintiff filed this suit claiming that the defendant violated the terms of the unilaterally-imposed employment agreement by firing the plaintiff without cause. LaRouche denies the plaintiff's allegations, and has filed a motion to dismiss this suit for lack of subject matter jurisdiction. For reasons which follow, the Court grants the defendant's motion to dismiss.

### ANALYSIS

As noted above, the main issue the Court must determine is whether this Court has subject matter jurisdiction over plaintiff's

---

1. The plaintiff alleges jurisdiction based on § 301(a), 29 U.S.C. § 185(a), which provides that "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce ... may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties."

2. The Court may consider summary judgment type of evidence in ruling on a Federal Rule of Civil Procedure 12(b)(1) motion.

claim. In order to resolve the jurisdictional issue, the Court must also answer the following:

(1) Is the "final offer" imposed by the employer after the CBA expired and after bargaining reached an impasse a "contract" such that this Court would have jurisdiction under section 301?

(2) Was there a contract between the parties which would qualify as an "agreement between employers and labor organizations significant to the maintenance of labor peace between them"[3] such that this Court would have jurisdiction under section 301?

(3) Is this a dispute which arose during post-impasse bargaining over which the National Labor Relations Board has exclusive authority under the National Labor Relations Act?

■ The defendant argues that as a matter of law, an employer-imposed "final offer" is not a contract. The defendant also contends that while the plaintiff states there is a contract, the plaintiff's petition is facially void of any facts supporting such a conclusion. Thus, in the absence of a contract, the defendant contends the Court lacks subject matter jurisdiction to hear this case.

In addition, the defendant argues it is well established that breach of contract claims alleging violations of a unilaterally-implemented offer are preempted by the NLRA because such claims interfere with the defendant's right to put economic pressure on the collective bargaining agent during a labor dispute. LaRoche contends the NLRB has the sole authority to hear this dispute, as held by the United States Supreme Court in *San Diego Bldg. Trades Council v. Garmon*,[4]

and *Lodge 76, Int'l Ass'n of Machinists v. Wisconsin Employment Relations Comm'n.*[5]

In response to the defendant's motion, the plaintiff contends that the collective bargaining agreement unilaterally imposed by La-Roche was a contract which the defendant violated. Thus, the Court has jurisdiction under section 301. The plaintiff fails or is unable to distinguish the cases relied on by the defendant which hold that a unilaterally-imposed offer is not a contract.

In response to the defendant's preemption argument, the plaintiff claims that this case is not a dispute covered by section 7 or section 8 of the NLRA, but is purely a contract case under section 301. The plaintiff fails to rebut the defendant's argument that because the plaintiff's dismissal occurred during post-impasse bargaining, the NLRB has the exclusive authority to hear this claim.

■ The Court has jurisdiction to hear a case based on section 301(a) if there is a contract between the parties.[6] The contract need not be a CBA, and can be an "agreement between employers and labor organizations significant to the maintenance of labor peace between them."[7] A formal CBA or an interim agreement is sufficient to give the court jurisdiction under section 301(a).

Thus, the Court must determine as a matter of law whether a final offer unilaterally imposed by an employer is a final agreement which constitutes a contract under section 301 and the United States Supreme Court decision *Retail Clerks International Ass'n v. Lion Dry Goods.*[8]

The United States Supreme Court resolved this issue in *Litton Financial Printing Division v. N.L.R.B.*[9] wherein the Court stated that a

**3.** *Retail Clerks Int'l Ass'n v. Lion Dry Goods*, 369 U.S. 17, 28, 82 S.Ct. 541, 548, 7 L.Ed.2d 503 (1962).

**4.** *San Diego Bldg. Trades Council v. Garmon*, 359 U.S. 236, 79 S.Ct. 773, 3 L.Ed.2d 775 (1959).

**5.** *Lodge 76, Int'l Ass'n of Machinists v. Wisconsin Employment Relations Comm'n*, 427 U.S. 132, 96 S.Ct. 2548, 49 L.Ed.2d 396 (1976).

**6.** *Retail Clerks Int'l Assoc'n*, 369 U.S. at 28, 82 S.Ct. at 548, 7 L.Ed.2d 503 (1962). 369 U.S. 17, 82 S.Ct. 541, 7 L.Ed.2d 503 (1962).

**7.** *Retail Clerks Int'l Assoc'n*, 369 U.S. at 28, 82 S.Ct. at 548, 7 L.Ed.2d 503 (1962). 369 U.S. 17, 82 S.Ct. 541, 7 L.Ed.2d 503 (1962).

**8.** 369 U.S. 17, 82 S.Ct. 541, 7 L.Ed.2d 503 (1962).

**9.** 501 U.S. 190, 111 S.Ct. 2215, 115 L.Ed.2d 177. (1991).

postexpiration grievance can be said to arise under the contract only where it involves facts and occurrences that arose before expiration, where an action taken after expiration infringes a right accrued or vested under the agreement, or where, under normal principles of contract interpretation, the disputed contractual right survives expiration of the remainder of the agreement.... Although after expiration most terms and conditions of employment are not subject to unilateral change, ..., those terms and conditions no longer have force by virtue of the contract.[10]

The citations the Court provided in its opinion are of particular interest and importance. The Court referred to *Office and Professional Employees Insurance Trust Fund v. Laborers Funds Administrative Office of Northern California, Inc.*[11] and included this parenthetical: "An expired [collective-bargaining agreement] ... is no longer a 'legally enforceable document.'"[12] The Court also cited the Second Circuit case, *Derrico v. Sheehan Emergency Hosp.*[13] for the proposition that "[s]ection 301 of the LMRA, 29 U.S.C. § 185, does not provide for federal court jurisdiction where a bargaining agreement has expired...."[14] Although the defendant did not cite this case in its brief, the *Litton Financial Printing Division* decision supports the defendant's argument that the unilaterally-imposed final offer is not a contract and thus the Court does not have jurisdiction to hear the case under section 301, 29 U.S.C. 185(a).

LaRoche primarily relies on three circuit court decisions to support its argument that the Court lacks jurisdiction.

In *United Paperworkers Int'l Union v. Champion International* Corp.,[15] the Eighth Circuit held that the federal district court lacks section 301 jurisdiction over post-impasse implementation; instead, the NLRB has exclusive jurisdiction over such a claim. Furthermore, in *Int'l Union, United Mine Workers of America v. Big Horn Coal Co.,*[16] the Tenth Circuit held that a unilaterally-implemented last offer is not a section 301 contract simply because employees continued to work under terms of the implemented offer. Finally, in *United Food & Commercial Workers Int'l Union v. Gold Star Sausage,*[17] the Tenth Circuit held "[i]t is well established that the existence of a contract is an essential jurisdictional prerequisite to suit under Section 301(a);" and the company's implemented last offer is not a contact.

■ Thus, this Court finds that, as a matter of law, an employer-implemented last offer is not a contract such that the Court has jurisdiction under section 301.

■ The Court must now determine whether the state law is preempted, leaving the NLRB with the exclusive jurisdiction to decide the matter.

Although it may not be necessary to decide this issue since the Court has determined it has no jurisdiction under section 301(a), the Court believes it would be in the interest of justice to resolve this issue in the alternative. There are two grounds for holding that state law is preempted: the *"Garmon preemption"*[18] and *"Machinists preemption."*[19] These cases hold that the NLRB has the exclusive jurisdiction to handle (1) conflicts arguably arising under section 7 (dealing

**10.** *Litton Financial Printing Div. v. NLRB,* 501 U.S. 190, 205–206, 111 S.Ct. 2215, 2225, 115 L.Ed.2d 177 (1991).

**11.** 783 F.2d 919, 922 (9th Cir.1986).

**12.** *Litton Financial Printing Div.,* 501 U.S. at 205–206, 111 S.Ct. 2215, 2225, 115 L.Ed.2d 177 (1991) (citations omitted).

**13.** 844 F.2d 22, 25–27 (2nd Cir.1988).

**14.** *Litton Financial Printing Div.,* 501 U.S. 190, 205–206, 111 S.Ct. 2215, 2225, 115 L.Ed.2d 177

(1991) (citing *Derrico,* 844 F.2d at 25–27 (2nd Cir.1988)).

**15.** 81 F.3d 798 (8th Cir.1996).

**16.** 916 F.2d 1499 (10th Cir.1991), *cert. denied* 502 U.S. 1095, 112 S.Ct. 1172, 117 L.Ed.2d 417.

**17.** 897 F.2d 1022, 1026 (10th Cir.1990).

**18.** *San Diego Bldg. Trades Council v. Garmon,* 359 U.S. 236, 79 S.Ct. 773, 3 L.Ed.2d 775 (1959).

**19.** *Lodge 76, Int'l Ass'n of Machinists v. Wisconsin Employment Relations Comm'n,* 427 U.S. 132, 96 S.Ct. 2548, 49 L.Ed.2d 396 (1976).

with the right of self-organization) or section 8 (dealing with unfair labor practices) of the NLRA; and, (2) conflicts arising due to a party's use of economic pressure on the collective bargaining agent during a labor dispute, such as the defendant's implementation the post-impasse order.

## CONCLUSION

The Court finds it has no subject matter jurisdiction to hear this case. Therefore, the defendant's motion to dismiss is granted.

Judgment shall be entered dismissing plaintiff's suit without prejudice.

IT IS SO ORDERED.